STATE v. JOHN F. GARRELL.

*Escape—Erroneous Sentence—Certiorari.*

Where an indictment against an officer for an escape was quashed upon the ground that the judgment against the prisoner committed to his charge was illegal; *Held*, to be error. If the sentence of the court be

erroneous, the prisoner may have it reviewed by *certiorari*, but the officer cannot justify under it for negligently permitting him to escape.

Remarks of DILLARD, J., upon the law. pertaining to houses of correction.

(*In re Schenck*, 74 N. C., 606; *State* v. *Lawrence*, 81 N. C., 422, cited and approved.)

INDICTMENT for an Escape, tried at November Term, 1879, of NEW HANOVER Criminal Court, before *Mears, J.*

The facts appear in the opinion. The defendant moved to quash the bill on the ground that the judgment of the court was erroneous, in that, the sentence upon the prisoner who escaped from the custody of the defendant, should have authorized his imprisonment in the county jail instead of in the house of correction, of which the defendant was manager. The solicitor insisted that the defendant could not avail himself of any illegality in the judgment against the party who was placed in his custody for safe keeping, but the court sustained the motion, and the solicitor appealed.

*Attorney General,* for the State.
No counsel for defendant.

DILLARD, J.   One Andrew Hogan was convicted of larceny, and sentenced to imprisonment at hard labor in the house of correction of New Hanover county by the judge of the criminal court of said county, and after being delivered into the custody of the defendant, the duly appointed manager of said house of correction, the said Hogan escaped from the custody and went at large; thereupon the defendant was indicted upon the charge of an escape allowed or suffered by his negligence as such manager.

The defendant, when called to plead to said indictment, moved to quash the bill, and on consideration of the motion, His Honor adjudged that the bill be quashed, on the ground

that the sentence of Hogan to the house of correction, for whose escape the prosecution was begun, was illegal, and on the appeal of the solicitor for the state the question presented for our determination is whether the escape of the prisoner by the negligence of the defendant can be or is justified in law by reason of error in the judgment of the criminal court of New Hanover.

The legislature, under the power conferred in article eleven, section four, of the constitution, empowered the county commissioners of each county, if by them deemed necessary, to provide for the erection of houses of correction, with workshops and machinery, and one or more farms for the restraint and useful employment therein of such persons as might be sentenced thereto, and to this end authorized them to raise the necessary means by levy of a tax or issuing of county bonds, and to arrange for the conduct and government of such houses by the appointment of a manager and directors to superintend and direct him in the discharge of his duties. Bat. Rev., ch. 27, § 8, (20) and ch. 31, § 8, *et seq.*

It was further provided by law that whenever any person was sentenced to such workhouse, he should be committed by the courts to the sheriff, who should deliver him, together with a certified copy of the sentence to be furnished him by the clerk, to the manager, whose duty it should be to receive, keep and employ him during the time of his sentence according to the rules established therefor. Bat. Rev., ch. 31, §§ 10, 15.

Under these provisions of law His Honor, on the conviction of Hogan by the jury, pronounced judgment of imprisonment in the house of correction, and in obedience thereto the sheriff, as we are to understand from the case of appeal, delivered him with a certified copy of the sentence of the court to the defendant, the manager of the house of

correction, who received him and thereafter suffered him by negligence to escape and go at large.

The judgment pronounced was at most merely erroneous and not void. The court had jurisdiction of the offence and of the person of the prisoner, and on a valid verdict of the jury rendered in a due course of trial it remained for His Honor to add the judgment or sentence of the law. The question of the sentence of the law on the indictment and verdict of the jury was a question as to the kind, *quantum* and plan of punishment, and was one within the jurisdiction and competent authority of the judge to decide.

The judge may have erred in that portion of his judgment which committed Hogan to the house of correction, and we think he did, as such sentences, according to the true intent and meaning of the constitution and statutes on that subject, extend only to vagrants and persons guilty of misdemeanors; but of that question, as of every other arising on the trial, His Honor had jurisdiction, and if he erred in that particular it was an error of law for which the judgment was voidable, but of full force and effect until reversed in the appropriate way. It has always been held that the judgment of a court, in a case within its cognizance, erroneous in law merely, was binding until reversed, and in our state, in cases like the present, it has been held reversible only by appeal or on *certiorari* from this court in the exercise of its supervising power under the constitution. Art. IV, § 10.

*In re Schenck*, 74 N. C., 606, the party was indicted and convicted of an assault, punishable by fine or imprisonment in the county jail, one or both, and yet he was sentenced to the penitentiary at hard labor, and it was held that not having taken an appeal from the sentence, he was relievable from the illegal imprisonment only by a *certiorari* in the nature of a writ of error, issued from this court in the exercise of its supervisory power. And in the case of *State* v.

*Lawrence*, 81 N. C., 522, the prisoner was sentenced to the penitentiary for twenty years for horse stealing, according to a statute in such case made and provided, and yet he had not been indicted under the statute, but as at common law; and it was held he could only have the judgmen reversed in the mode pointed out in *Schenck's case.*

From this review of the law it would seem that it was open to Hogan to such relief from the illegal imprisonment adjudged by a court of competent jurisdiction, by appeal, or by *certiorari* as a substitute for appeal, operating in the nature of a writ of error, and no one else could do it for him. Hence it follows that until the sentence of commitment to the house of correction was reversed, it was the duty of the defendant in his capacity of manager to hold and keep the prisoner committed to his custody, and not assume practically to reverse the judgment of one of the courts of the state by allowing the prisoner by his negligence to escape. Every ministerial officer owes the duty of active obedience to a writ issued from a court having cognizance of the subject matter and of the person, and it is not for him to look behind into the judgment to see if there be error or illegality therein, and to obey or not according to his judgment and pleasure.

Such an assumption if tolerated in the defendant, and in the sheriffs, jailors and constables, would lead them to hesitate and refuse to perform the commands of the law, and then the courts would be rendered impotent in the administration of the law.

It is our opinion that the indictment ought not to have been quashed, but the defendant held to a trial on the bill and to abide the sentence of the law on the facts as they may be found by a jury.

Judgment of the criminal court of New Hanover is reversed, and this will be certified to the end that the trial may be proceeded with on the bill of indictment as found.

Error. Reversed.