### STATE v. J. W. SMITH.

*Appeal—Judgment— Verdict, Special.*

If the jury return a special verdict, it is the duty of the Court to declare the law thereon, and cause a verdict to be entered in accordance therewith; then it should proceed to render judgment; and no appeal will lie until such judgment is pronounced.

INDICTMENT, tried before *Graves, Judge,* at Spring Term, 1886, of WATAUGA Superior Court.

The facts appear in the opinion.

*Attorney-General,* for the State.
No counsel for the defendant.

SMITH, C. J.   The indictment against the defendant, found by the grand jury at the Spring Term, 1886, of Watauga Superior Court, charges him with the statutory misdemeanor of selling spirtuous liquors within the limits of Cove Creek township in said county, after a popular vote taken therein and the casting of a majority of the votes in favor of prohibition within the township, at an election held under the provisions of *The Code,* §§3110 to 3118.

On the trial the jury rendered a special verdict, concluding in the usual form: "If upon the foregoing facts the defendant is guilty in law, we find him guilty; if upon the facts found, in law he is not guilty, then we find him not guilty."

Then follows this record: "Upon the facts found in the above special verdict the Judge being of opinion that the defendant is not guilty, *so adjudged, and from this verdict the Solicitor for the State appealed.*"

Upon the rendition of the verdict, then follows the judgment, sentencing the accused, if convicted, or discharging him if acquitted. The appeal is from the judgment, and cannot be taken before it has been pronounced.

A special verdict like the present, is contingent upon the judicial determination of the inquiry presented by the jury. If the facts found constitute a criminal offence, the Judge so declares, and causes the verdict to become a verdict of guilty; and so if he be of a contrary opinion, a verdict of not guilty is entered. Hence his preliminary action is essential to making the finding complete and the verdict positive and final.

Then in either case comes the sentence of the law, pronounced by the Judge, punishing or discharging, and then the appeal lies, but not sooner. A special verdict is in some of its aspects like the indictment. The question of law is raised in one case upon the averments in the indictment, and in the other, upon the facts found in its support. The motion to arrest the judgment proceeds upon the idea that the charges do not show a crime; the inquiry in the other case is, do the facts constitute a crime? Both defences may co-exist in the same proceeding. But as a refusal to arrest judgment must be followed by a sentence, in order to an appeal, so must it follow the perfecting the verdict from a conditional to an absolute one.

We have at the present term, in a similar case, *State* v. *Fred. Lockyer*, refused to entertain an appeal by the State from a similar ruling, because prematurely taken before the final disposition of the cause, and this appeal must take the same course.

The appeal is dismissed, and this will be certified to the Superior Court of Watauga for its further action in the premises.

Appeal dismissed.