STATE v. ROBERT HEDRICK.

*Arrest—Assault.*

The prosecutor. who was not an officer, had been deputed to execute a warrant in a bastardy proceeding, and had executed it by arresting the defendant therein; on the hearing, the said person arrested was committed to the custody of the prosecutor and attempted to escape.

The prosecutor pursued him, and the defendant, without warning, or the employment of any other means to stop him, threw out his foot and tripped him causing him to fall. *Held,*

1. That the defendant was guilty of an assault.

2. Whether the arrest and commitment of the defendant in the bastardy proceeding was lawful, *quære ?*

This was a CRIMINAL ACTION, tried at May Term, 1885, of the Superior Court of CATAWBA county, before *Avery, Judge.*

The facts as admitted were, that one Symon, a justice of the peace, had issued a warrant for the arrest of one Monroe Null, on a charge of bastardy, which was placed in the hands of one Philo Lail. The Court held that the justice did not have a right to depute Lail, who was not an officer, to execute it. Lail did execute the warrant, and Monroe Null was tried and ordered by the justice into the custody of Lail. While Monroe Null was so in the custody of Lail, his cousin, Jacob Null, caught hold of Lail, drew a pistol on him, and told Monroe to run. Monroe did run, and Lail extricated himself from the grasp of Jacob, and started to pursue him. The defendant, Hedrick, being in the path, stepped aside and put out his right foot and purposely tripped Lail, and threw him on the ground by so tripping him. Hedrick was a cousin of Monroe Null.

Counsel for defendant insisted that Lail was attempting to commit an assault by making an arrest without authority to do so, and that Hedrick had the right to use the force necessary to trip him up in order to prevent the arrest, and asked the Court to so instruct the jury. The Court instructed the jury that upon the facts proved and admitted, the defendant was guilty. Defendant excepted, and from the judgment appealed.

*Attorney-General,* for the State.
*Mr. L. M. McCorkle,* for the defendant.

40

STATE *v.* STROUD.

MERRIMON, J., (after stating the facts). It seems that the facts were not questioned, and accepting them as true, the defendant was properly convicted. He on purpose, tripped the prosecuting witness, causing him to fall violently to the ground, without giving him any caution or notice to desist from the pursuit of the fleeing party. If it be granted that he had the right to prevent the re-arrest, as contended by his counsel in the argument—and this is not certain under the circumstances—he had no right to do so in such a violent way as that he adopted. If his purpose was lawful and sincere, he should have first notified the pursuing party to desist, and then at once, if need be, have laid hold of him firmly, but gently, and so as to show a peaceful and not a hostile purpose. He had no right to do what might be a lawful act in an unlawful and violent manner. By so doing he made himself a criminal offender. It is clear that he intended to prevent the re-arrest, perhaps not warranted, by such violence as in law made him guilty of an assault.

There is no error.

No error.                                  Affirmed.