*THE STATE v. PRICEY ARMISTEAD et al.

*Rescue—Resistance to Officer—Special Constable.*

1. When a Justice of the Peace (under *The Code*, § 645), in writing, appoints a "special constable," without words restricting the authority, this confers a general power to serve all processes and perform all the duties in regard to the particular case which a regular constable could, if present.

---

*Head-notes by CLARK, J.

2. When a prisoner legally sentenced is placed in charge of a special officer to convey to jail, the legality of his custody by the officer depends upon the validity of the special deputation of the officer, and not upon the sufficiency of the *mittimus,* which is to terminate his duties.

3. It is a criminal offence to take, by force, from the custody of an officer a prisoner legally committed to his charge to convey to jail, and it is no defence that the *mittimus* does not comply, in all respects, with the requirements of *The Code,* § 1238.

This was an INDICTMENT for assaulting an officer and rescuing a prisoner from his custody, tried before *Bynum, J.,* at Fall Term, 1889, of BERTIE Superior Court.

One Allen had been arrested, for a criminal offence, upon a warrant duly issued, and was brought for trial before a Justice of the Peace. Upon the warrant the Justice wrote:

"J. W. Freeman is hereby appointed special constable.
(Signed) E. H. WALKER, J. P." [Seal.]

On the trial, the Justice found Allen guilty, and sentenced him to ten days' imprisonment in the county jail, and directed the special constable to take him to jail.

Freeman testified that he was specially deputized as constable to serve the warrant and to convey prisoner to jail.

The Justice gave him the following *mittimus:*

"NORTH CAROLINA, } *Mittimus.*
  Bertie County. }

"*To the Common Jailer of said County:* You are hereby commanded to take the body of Abram Allen, and him safely keep in the common jail of your county until discharged according to law.

This 2d day of February, 1889.
(Signed) E. H. WALKER, J. P.
MILES BAGLEY."

The defendant excepted to this evidence, upon the ground that the *mittimus* did not conform to the requirements of *The Code*, § 1238.   One of the Justices who tried the case testified that the judgment, as originally endorsed on the warrant, sentenced Allen to be " confined in the county jail for ten ____, and pay costs," but that the sentence, as pronounced at the trial, was for "ten days," the word "days" having been inadvertently left out.   The warrant and judgment were in evidence, and the judgment had been amended by the Justice to read "ten days."   While said Freeman was conveying the prisoner (Allen) to jail, the three defendants pulled said prisoner out of the buggy in which Freeman was carrying him to jail, cut the rope with which he was tied, and set him at liberty.   The defendants, it seems, introduced no testimony, but they asked the Court to instruct the jury to acquit them upon the evidence, for the reason that it did not appear that Abram Allen was lawfully in custody of said Freeman.   The Court declined to give this instruction, and the defendants again excepted

Verdict of guilty.   Judgment and appeal.

*Attorney General* for the State.
*Mr. R. B. Peebles*, for the defendants.

CLARK, J.: The Justice of the Peace is the sole judge of the "extraordinary cases" in which he shall exercise the power of appointing a special constable under authority of *The Code*, § 645.   *State* v. *Dula*, 100 N. C., 423.   The present case is materially different from *State* v. *Dean*, 3 Jones, 393, which was relied on by the defendants.   In that case the appointment was, "I depute E. S. Dean to execute the within warrant."   The deputation, therefore, expired when the warrant was served, and the subsequent *parol* order to execute the *mittimus* was held invalid.   The Court put their

106—41

decision upon the ground that the warrant, having been returned, "the deputation had expired," and Dean had no longer any authority to act. They say that the Justice should have deputed the officer in writing to execute the *mittimus*, and not have appointed Dean by parol. That if deputed by parol, Dean, in case of resistance, could not show his authority to call on others to assist him in executing the *mittimus* entrusted to him. In the present case the deputation is not limited to serving the warrant. The words are, "J.W. Freeman is hereby appointed Special Constable." This authorizes the service of all other processes in the case, as much as it does the service of the warrant, and puts the appointee, as to the case in which it is made, in the position *pro hac vice* that a regular constable would have held, clothed with the same powers and subject to the same liabilities. The same emergency that called for his appointment in order to serve the warrant would be likely to exist throughout the trial and until the prisoner should be lodged in jail, if convicted and sentenced. Indeed, Freeman testified that the deputation was given him to execute the *mittimus* as well as to serve the warrant. There is no express restriction on the special deputation, and none is implied, except that it must be limited to the case in which it was given. *State* v. *Dean* also differs from this case, in that it was a direct proceeding by the State to subject the officer (Dean) to punishment for an escape, and it was held that, as he was expressly deputized to serve the warrant only, he could not be held liable for failure to perform the further duty of carrying the prisoner to jail, which could not be devolved on him by parol. That case is not authority that the validity of an acting officer's power to execute the legal sentence of a Court can be tested in this collateral way by third parties, violently and by force, taking a prisoner from his custody.

The other exception advanced is, that the *mittimus* itself is insufficient, under *The Code*, § 1238. It is defective in many

respects. The jailer, it may be, would have been authorized to refuse the prisoner until a fuller and more perfect *mittimus* was sent. The defendant certainly, if he chose, could have inquired into the legality of his detention in jail under it by a writ of *habeas corpus.* The latter course, in this particular instance, would have availed little, however, as the Judge, upon production of the Justice's judgment, must have remanded the prisoner. So far from Allen being sent to jail by parol, the sentence and the appointment of the officer to execute it are both in writing. The instruction to the officer to execute the recorded sentence was oral, and this we see done every day in the Superior Courts. Whether the *mittimus* was such as authorized the jailer to receive the prisoner and relieve the special officer of further responsibility, it is not material to consider here. Freeman was a duly appointed officer, charged by order of the Court with the duty of taking to jail a prisoner legally sentenced thereto. Like any other officer, under such circumstances, if the *mittimus* were defective, he was responsible for the safe-keeping of Allen till relieved by the jailer, or by further order of the Court amending the *mittimus,* or otherwise. Had he wilfully or negligently permitted Allen to escape while in his charge he would have been criminally liable. *State* v. *Garrell,* 82 N. C., 580. And any one forcibly and violently taking him out of the custody of such special officer is liable for an escape. Even were this not so, the defendants are liable, under this indictment, for the assault. They had no right to take the prisoner from Freeman in so violent and forcible a manner. If their purpose was lawful and sincere, they should have notified Freeman firmly, but gently, of their purpose, so as to show an intention to vindicate the law and not to violate it, and to show a peaceable and not a hostile intent. They should not have proceeded at once to such violence. *State* v. *Hedrick,* 95 N. C., 624. It was not necessary that Freeman should have exhibited

his special authority to the prisoner himself, *unless demanded.* State v. *Dula,* 100 N. C., 423; State v. *Curtis,* 1 Hay., 471; State v. *Garrett,* 1 Winst., 144. As to third parties, we know of no right they have to stop an officer in charge of a prisoner and demand his authority. There was a legal way to test the lawfulness of his authority without resort to force.

In the above cited case (*State* v. *Dean*) the *mittimus* was as defective as here, but the Court place their decision solely on the "expiration of the deputation" to the officer. No point was made in the argument here, nor was any exception taken below, as to the Justice's power to amend the judgment by adding the word "days," inadvertently omitted.

His power to do so was clear. Indeed, no objection was raised as to the validity of the sentence imposed on Allen. That could make no difference to defendants, for its legality could not be questioned in this way. *State* v. *Garrell,* 82 N. C., 580.

Upon the facts, about which there is no controversy, it appears that while Allen was in the custody of a lawfully appointed special constable, and was being carried to jail under sentence from a Court of competent jurisdiction, the defendants, in a high-handed manner, took the prisoner forcibly from the custody of the law and set him at liberty, without making any show or claim of right.

We think there is