## ROBERT WILLIAMS V. THE STATE.

No. 15491.   Delivered October 19, 1932.
Reported in 53 S. W. (2d) 628.

The opinion states the case.

Paul Petty, of Ballinger, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, five years in the penitentiary.

This appeal is taken from an order of the district court setting aside a prior order suspending sentence against this appellant and the entry of judgment final and sentencing of appellant to the penitentiary for a term of five years.

From bill of exception No. 1 we learn that appellant was tried in this case and give a five year sentence, which, upon the recommendation of the jury, was suspended during the good behavior of appellant. Also that, after said sentence had been so suspended, but before the expiration of the term of appellant's punishment fixed in said case, this appellant was again convicted of burglary in February, 1932, and given a two-year sentence by a jury in the last mentioned case. From this judgment and sentence appellant gave notice of appeal in due form, and brought the case upon appeal to this court. Thereafter, and during the month of May, 1932, and before the appeal from appellant's conviction in February, 1932, had been passed upon or determined by the Court of Criminal Appeals, the trial court, upon due notice to appellant, revoked the suspension of the five-year suspended sentence above referred to, and, over the objection and exception of appellant, sentenced appellant to serve a term of five years in the penitentiary of Texas. Complaining that the judgment and sentence passed upon him in

February, 1932, was not such final conviction as would authorize or warrant the trial court to revoke the prior suspension of the sentence in the case at bar, appellant has duly appealed, and now brings his case before us for review, and asks that the judgment revoking his prior sentence, which was suspended, be set aside and the case reversed. The contention of appellant must be sustained. Calloway v. State, 91 Texas Crim. Rep. 502, 240 S. W., 553; Ex parte Lawson, 76 Texas Crim. Rep., 419, 175 S. W., 698; article 779, C. C. P., 1925.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*