# MARCH 1, 1939

## WALTER ADAMS V. THE STATE.

No. 20189. Delivered March 1, 1939.

The opinion states the case.

*D. E. O'Fiel and W. R. Blain,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft; the punishment, confinement in the penitentiary for three years.

This appeal is taken from an order of the District Court setting aside a prior order suspending sentence against the appellant and the entry of judgment final sentencing him to the penitentiary for a term of three years.

At a trial had on October 22, 1935, appellant waived a jury and entered a plea of guilty before the court. At the same time he filed an application for a suspended sentence. The trial was had on the same date and appellant's punishment was assessed at confinement in the penitentiary for three years, with sentence suspended. On the 21st of June, 1938, appellant was again brought before the court and the order suspending the sentence which had theretofore been entered was set aside and sentence pronounced condemning him to confinement in the penitentiary for a term of three years. The trial court based his action on the fact that in cause No. 12,932 on the docket of the trial court appellant had, on the 21st day of June, 1938, been convicted of driving an automobile upon a public highway while intoxicated. However, it appears that from this judgment appellant gave notice of appeal in due form and brought the case upon appeal to the Court of Criminal Appeals, where such appeal is now pending.

Appellant's contention that the judgment and sentence in the case last mentioned was not such final conviction as would authorize or warrant the trial court to revoke the prior suspension of the sentence in the case at bar must be sustained. A similar situation was presented in the case of William v. State, 53 S. W. (2d) 628, in which we held that a conviction, pending an appeal therefrom, is not a "final conviction" authorizing the revocation of suspension of sentence in another case against the accused.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.