### STATE v. OLIVER HICKS KOONE, JR.

(Filed 29 February, 1956.)

**Criminal Law § 67b—**

Where prayer for judgment is continued for a specified term upon conditions stipulated, there is no final judgment, and an appeal must be dismissed as premature.

APPEAL by defendant from *Pless, J.,* November Term 1955, Superior Court, RUTHERFORD.

This criminal prosecution originated in the Recorder's Court of Rutherford County upon a warrant charging the defendant with the

unlawful and willful abandonment of his infant daughter and with failure and refusal to pay hospital bills incident to her birth, "and has further failed to provide adequate support for the said infant." From a verdict of guilty and judgment thereon, the defendant appealed to the Superior Court. A jury trial in the Superior Court resulted in a verdict of guilty. The disposition in the Superior Court was as follows:

"With the consent of the defendant, prayer for judgment is continued from term to term for a period of five years upon the following conditions:

"1. (Provides for payment of $20.00 per week for the first year and $15.00 per week thereafter for support of the child.)

"2. (Provides that the defendant may visit the child at reasonable intervals.)

"The court reserves the authority to pronounce judgment or to change the amounts required to be paid for the support of said child if and when the condition of the parties shall materially change."

The defendant excepted and appealed.

*William B. Rodman, Jr., Attorney General, and Harry W. McGalliard, Asst. Attorney General, for the State.*

*Hamrick & Hamrick for defendant, appellant.*

PER CURIAM. The right of appeal to this Court does not arise until judgment has been pronounced in the Superior Court. Judgment has not been pronounced in this case. While this appeal is premature and must be dismissed, we have, nevertheless, examined the record. No reversible error appears.

Appeal dismissed.