For the reasons stated, the judgment of the court below is
Affirmed.

---

### STATE v. JOHN W. KAY.

(Filed 9 May, 1956.)

**Criminal Law § 67b—**

> Where the record fails to show final judgment, but only prayer for judgment continued upon condition, and recites that defendant excepts to the judgment, the cause must be remanded for judgment or for correction of the record.

APPEAL by defendant from *Preyer, J.,* at 18 July, 1955 Criminal Term, of GUILFORD.

Criminal prosecution upon a warrant purporting to have been issued returnable before Judge of the Municipal Court of the city of High Point, North Carolina, charging "that John W. Kay did . . . at and in the county aforesaid . . . willfully, maliciously and unlawfully operate an automobile upon the public highway while under the influence of intoxicating liquors or narcotic drugs, against the statute in such case made and provided . . .," etc.

The record on the appeal indicates that in Municipal Court defendant was found guilty, and judgment was pronounced against him, and he appealed.

The record also shows that upon trial in Superior Court during 18 July, 1955 Criminal Term of Guilford County, the jury returned a verdict of guilty; and that "motion was made in arrest of judgment, whereupon his Honor continued prayer for judgment until the September 26, 1955 Term of the Superior Court, Guilford County, High Point Division, at which time prayer for judgment was continued for a period of 12 months on condition . . ." stated. And while it is recited in the record on appeal "The judgment of the court at the September 26, 1955 Term of Superior Court of Guilford County, High Point Division, the defendant excepts . . .," the record fails to show a judgment entered in the case. Hence appeal may not be maintained.

*Attorney-General Rodman and Assistant Attorney-General Bruton for the State.*

*Thomas J. Gold and Robert M. Martin for Defendant Appellant.*

PER CURIAM. In the absence of judgment appearing in the record, this case will be remanded to Superior Court of Guilford County, High Point Division, for judgment or for correction of the record so as to reveal the actual status of the record. Then defendant may appeal, or proceed otherwise as he may be advised.

*Quaere:* It appearing upon the face of the record that the affidavit on which warrant was issued was made before "B. Mason, Sgt.," and that the warrant is signed by "B. Mason, Sgt.": Is this a valid process?

Remanded.