CLIFTON LOUIS BARBOUR v. EDWARD SCHEIDT, COMMISSIONER OF MOTOR VEHICLES.

(Filed 1 May, 1957)

**1. Appeal and Error § 21—**

An appeal in itself presents the question whether the findings of fact are sufficient to support the judgment and whether error or law appears on the face of the record.

**2. Criminal Law § 60a—**

The payment of costs constitutes no part of the punishment in a criminal case.

**3. Same—**

Prayer for judgment continued upon payment of the costs is not a final disposition of a criminal prosecution from which an appeal would lie, but the cause remains in the court for appropriate action upon motion.

**4. Same: Automobiles § 2—**

Where, in prosecutions for speeding, prayer for judgment is continued upon payment of the costs, there are no final convictions within the purview of G.S. 20-24(c), and defendant's license to drive may not be revoked therefor pursuant to G.S. 20-16.

APPEAL by petitioner from *Seawell, J.,* October Civil Term 1956 of WAKE.

On 19 December 1955 the petitioner was found guilty in Harnett County Recorder's Court of speeding 65 miles per hour, and after verdict an order was entered continuing prayer for judgment upon payment of costs.

Likewise, on 28 June 1956 the petitioner was found guilty in the Superior Court of Wake County of speeding 65 miles per hour. After verdict, the presiding judge entered the following order: "Prayer for judgment continued for two years upon payments of costs."

No judgment has been imposed in either of the aforesaid cases. The petitioner paid the costs in each case and interposed no objection to the entry of the respective orders.

Based on the record in these cases, the Commissioner of Motor Vehicles, on 11 July 1956, issued an order pursuant to the provisions of G.S. 20-16(9) suspending the petitioner's driver's license for a period of six months.

On 17 August 1956, at the request of the petitioner for a hearing to the end that the order of suspension be revoked, a hearing was held before a hearing officer of the Department of Motor Vehicles as authorized by G.S. 20-16(c). Thereafter, the petitioner was advised that the suspension order would remain in effect. The petitioner appealed in apt time to the Superior Court of Wake County, as authorized by G.S. 20-25. Upon the facts as set out herein the matter was heard by his Honor Malcolm B. Seawell, Judge holding the courts of the Tenth Judicial District, sitting without a jury, at the October Term 1956 of the Wake Superior Court. His Honor held that the petitioner has within a period of twelve months been "convicted" on two charges of speeding in excess of 55 miles per hour, and upheld the action of the respondent Commissioner of Motor Vehicles in suspending the license of the petitioner pursuant to the provisions of G.S. 20-16.

Judgment was entered accordingly and the petitioner appeals, assigning error.

*Charles W. Daniel and Carl P. Holleman for petitioner.*

*Attorney-General Patton, Assistant Attorney-General Giles, and Kenneth Wooten, Jr., for the State.*

DENNY, J.   The appellant took no exception to any finding of fact or to the signing of the judgment. He merely gave notice of appeal to this Court. Consequently, our review is limited to the question as to whether the findings of fact are sufficient to support the judgment and whether error of law appears on the face of the record. *City of Goldsboro v. R. R., ante,* 101; *Bailey v. Bailey,* 243 N.C. 412, 90 S.E. 2d 696; *Dellinger v. Bollinger,* 242 N.C. 696, 89 S.E. 2d 592; *In re Blalock,* 233 N.C. 493, 64 S.E. 2d 848; *Gibson v. Insurance Co.,* 232 N.C. 712, 62 S.E. 2d 320.

G.S. 20-24(c) contains the following provision: "For the purpose of this article the term 'conviction' shall mean a final conviction."

The appellant takes the position that a conviction in a criminal case is not final within the meaning of the above provision in the statute, where no judgment is imposed on the verdict, but merely an order is entered continuing prayer for judgment upon payment of costs.

We have repeatedly held that where no judgment has been imposed on a verdict in a criminal case, an appeal must be dismissed as premature. *S. v. Kay,* 244 N.C. 117, 92 S.E. 2d 667; *S. v. Koone,* 243 N.C. 628, 91 S.E. 2d 672; *S. v. Smith,* 95 N.C. 680; *S. v. Hedrick,* 95 N.C. 624; *S. v. Saunders,* 90 N.C. 651; *S. v. Woodfin,* 85 N.C. 598; *S. v. Wiseman,* 68 N.C. 203; *S. v. Bailey,* 65 N.C. 426.

In the case of *S. v. Burnett,* 174 N.C. 796, 93 S.E. 473, L.R.A. 1918A 955, at the May Term 1917 of the Superior Court of Wayne County, the defendant was indicted for conducting a bawdy house. The defendant entered a plea of *nolo contendere,* and prayer for judgment was continued upon payment of the costs. At the August Term 1917 of said court, the solicitor moved for judgment, the defendant being present and represented by counsel who excepted to the motion. Judgment was imposed. Upon appeal to this Court the defendant contended that the payment of the costs was the punishment inflicted in the case and that no further punishment could be imposed. The Court said, "The judgment in this case was continued upon payment of the cost, which plainly gave the solicitor the right to pray judgment at any time. Of course, notice should be given and the defendant allowed a hearing, as was done in this case." *S. v. Miller,* 225 N.C. 213, 34 S.E. 2d 143; *S. v. Graham,* 225 N.C. 217, 34 S.E. 2d 146.

In *S. v. Everitt,* 164 N.C. 399, 79 S.E. 274, this Court, in dealing with the effect of a judgment suspended upon payment of costs and other conditions, quoted with approval from the case of *Com. v. Dowdican's Bail,* 115 Mass. 133, in which it was held to be proper "when the court

is satisfied that, by reason of extenuating circumstances, or of the pend-'ency of a question of law in a like case before a higher court, or other sufficient cause, public justice does not require an immediate sentence, to order, with the consent of the defendant and the attorney for the Commonwealth, and upon such terms as the court in its discretion may impose, that the indictment be laid on file; and this practice has been recognized by statute. Such an order is not equivalent to a final judgment, or to a *nolle prosequi* or discontinuance, by which the case is put out of court; but is a mere suspending of active proceedings in the case, which dispenses with the necessity of entering formal continuances upon the dockets, and leaves it within the power of the court at any time, upon the motion of either party, to bring the case forward and pass any lawful order or judgment therein. Neither the order laying the indictment on file nor the payment of costs, . . . entitled the defendant to be finally discharged." The payment of costs constitutes no part of the punishment in a criminal case. *S. v. Crook*, 115 N.C. 760, 20 S.E. 513, 29 L.R.A. 260; 15 Am. Jur., Criminal Law, section 486, page 140.

In the case of *Berman v. United States*, 302 U.S. 211, 82 L. Ed. 204, *Chief Justice Hughes*, speaking for the Court, said: "To create finality it was necessary that petitioner's conviction should be followed by sentence (*Hill v. United States*, 298 U.S. 460, 80 L. Ed. 1283), but, when so followed the finality of the judgment was not lost because execution was suspended."

However, where there is a conviction and a sentence imposed, the fact that the court may suspend the judgment or its execution upon payment of costs or other conditions, and no appeal is taken, the judgment will be considered final when the time for appealing the case has expired, and the defendant may not be heard thereafter to complain on the ground that his conviction was not in accord with due process of law. G.S. 15-197; *S. v. Miller, supra.* But, where a defendant appeals, although the judgment may have been suspended, it will not be deemed a final conviction unless the judgment of the trial court is upheld by the appellate court. *Arbuckle v. State*, 132 Tex. Cr. R. 371, 105 S.W. 2d 219; *Adams v. State*, 136 Tex. Cr. R. 331, 125 S.W. 2d 583; *Ashcroft v. State*, Okla. Cr. App., 94 P. 2d 939.

In this connection, under the provisions of G.S. 20-17, it is mandatory upon the Department of Motor Vehicles to revoke the license of any operator upon receiving the record of such operator's conviction for any one of certain enumerated offenses *when such conviction has become final. Parker, J.*, speaking for the Court in construing this statute in the case of *Harrell v. Scheidt*, 243 N.C. 735, 92 S.E. 2d 182, said: "The provisions of G.S. 20-17 . . . become effective only after judgments of conviction have become final. . . . These statutes, G.S. 20-17 and G.S. 20-19(d) emphasize the effect of a conviction, and the result following

the imposition of punishment fixed by the court in the judgment on the conviction. No action or order of the court is required to put the revocation of the license into effect."

Hence, it is our view that the conviction alone, without the imposition of a judgment from which an appeal might be taken, is not a final conviction within the terms of G.S. 20-24(c). *Smith v. Commonwealth,* 134 Va. 589, 113 S.E. 707.

In 24 C.J.S., Criminal Law, section 1556, page 17, it is said: "In the restricted or technical legal sense in which it is sometimes used, conviction means the final consummation of the prosecution against the accused including the judgment or sentence rendered pursuant to a verdict, confession, or plea of guilty. Frequently the term is used to denote the judgment or sentence itself, or to signify both the ascertaining of the guilt of accused and judgment thereon by the court. A judgment or sentence is indispensable to a conviction in this sense of the term, and the mere ascertainment of guilt by verdict or plea, which satisfies the ordinary legal definition of conviction, does not suffice. In construing the term conviction, it has been held that the technical meaning ought not to be attributed to it, unless there is something in the context to indicate that it was used in such sense."

In *Smith v. Commonwealth, supra,* the trial involved the question of the removal of Smith from office on the ground that he had been convicted of an act constituting a violation of a penal statute involving moral turpitude. On the trial below, the court had instructed the jury in substance that the verdict of the jury in the Federal court of itself constituted a conviction of the accused of the offense charged against him in that court, without the verdict being followed by any judgment of the Federal court convicting the accused of said offense. The Supreme Court of Appeals of Virginia said: "We are of the opinion that, as applied to a case such as that in judgment . . . the word 'conviction' in the statute in question means conviction by judgment, and requires a judgment of conviction, in addition to the verdict of the jury."

In view of the provision in G.S. 20-24(c) to the effect that a "conviction," when used in Article 2 of the Uniform Driver's License Act, shall mean a final conviction, it would seem to require that before a license may be revoked pursuant to the provisions of G.S. 20-16(9), there must be a conviction of two or more offenses enumerated in subsection (9) of the statute, followed by a judgment from which an appeal might have been or may be taken.

In neither case, upon which the Commissioner of Motor Vehicles relies as the basis for the exercise of his discretionary power to suspend the license of the petitioner, was there a judgment of any kind imposed. Therefore, we conclude that the court below was in error in upholding

the order of the Commissioner of Motor Vehicles suspending the peti-
tioner's driver's license.

The judgment below is

Reversed.