**Richard MOATS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39643.**

Court of Criminal Appeals of Texas.

May 18, 1966.

---

Marcial A. Knapp, Angelton, for appellant.

Tom Kenyon, Dist. Atty., Wallace N. Shaw and Ogden Bass, Asst. Dist. Attys., Angelton, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

This is an appeal from an order revoking a suspended sentence.

The record shows that on February 22, 1965, appellant was convicted in the District Court of Brazoria County, in Cause #6627, of the offense of sodomy and his punishment was assessed at five years in the penitentiary. On application of appellant, the sentence was suspended by the court during appellant's good behavior, and he was released upon his own personal recognizance in the sum of $1,000.

On November 22, 1965, a motion was filed by the state to make final the suspended sentence, which motion alleged that on October 26, 1965, during the period of the suspended sentence, the appellant had been finally convicted in said court in Cause #6628 of the offense of sodomy and sentenced to serve three years in the penitentiary.

On November 29, 1965, the court, after notice and hearing, entered an order setting aside the suspended sentence granted appellant and sentenced him to serve an indeterminate term of not less than two nor more than five years in the penitentiary in accordance with the original judgment of conviction.

Notice of appeal was duly given by appellant, in open court, from the order setting aside the suspended sentence and, contrary to the state's contention, is shown to have been duly entered of record in the minutes of the court.

Appellant's sole contention on appeal is that the court erred in revoking the suspended sentence because the conviction upon which the revocation was predicated had not become final.

With such contention we agree. The record shows that judgment was rendered in Cause #6628 on October 26, 1965. Sentence was pronounced on November 29, 1965, and notice of appeal was given by appellant on that date. This is the judgment of conviction which has this day been affirmed in Cause No. 39,642, Moats v. State, Tex.Cr.App., 402 S.W.2d 921. Such judgment of conviction was not final on November 29, 1965, when the court's order was entered making final the suspended sentence given appellant in Cause #6627.

Under the provisions of Art. 779, Vernon's Ann.C.C.P., in force at the time the suspended sentence was made final by the court, it was only upon a final conviction of another felony that the court was authorized to take such action. Williams v. State, 122 Tex.Cr.R. 83, 53 S.W.2d 628; Adams v. State, 136 Tex.Cr.R. 331, 125 S.W.2d 583.

We do not agree with the state's contention that because the court could not set aside the suspended sentence after January 1, 1966, because of the repeal of the suspended sentence law (Arts. 776–781, V.A.C.C.P.) by the enactment of the Code of Criminal Procedure of 1965 (Art. 54.02), the court was authorized on November 22, 1965, to revoke the suspended sentence granted in Cause #6627 before the sodomy

conviction in Cause #6628 had become final.

The judgment is reversed and the cause is remanded.

Opinion approved by the court.