Kenneth L. CAIN et al., Appellants,

v.

Leonard L. FRANKLIN, Appellee.

No. 11874.

Court of Civil Appeals of Texas, Austin.

Feb. 9, 1972.

Rehearing Denied March 8, 1972.

Joseph Latting, Austin, for appellants.

Leonard L. Franklin, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellants and Appellee's clients were adversaries in a prior lawsuit when it was learned that the trial judge's wife was related by blood to one of the parties thereto. Whereupon, Appellants have alleged in this cause, the parties agreed to allow the judge to complete the trial and all parties thereto would abide by his decision and not object to his disqualification. After judgment, which was adverse to Appellee's clients, Appellee filed a motion for a new trial cit-ing the judge's disqualification to sit as a ground therefor, and a new trial was granted on this point alone.

Appellants have brought this suit in fraud alleging their damages as attorney's fees expended and court costs incurred by reason of Appellee's failure to abide by the agreement regarding the judge's disqualification.

Appellee filed special exceptions to Appellants' petition, and the court entered judgment dismissing Appellants' case.

The judgment of the trial court was correct and we affirm it.

The alleged agreement to waive the judge's constitutional and statutory disqualification was invalid. Vernon's Ann. Tex.Const. Art. 5, sec. 11; Vernon's Ann. Tex.Civ.St., Art. 15; Chambers v. Hodges, 23 Tex. 105 (1859); Pahl v. Whitt, 304 S. W.2d 250 (Tex.Civ.App. El Paso, 1957, no writ). Such disqualification cannot be waived, and a judgment rendered by a judge so disqualified is void. No court will lend its assistance in any way towards carrying out the terms of an illegal contract. This applies to any action in which it is necessary to prove the illegal contract in order to maintain the action. Nor will the courts enforce any alleged rights directly springing from such contract. McMullen v. Hoffman, 174 U.S. 639, 19 S.Ct. 839, 43 L.Ed. 1117; International Travelers' Ass'n v. Branum, 109 Tex. 543, 212 S.W. 630 (1919).

The judgment of the trial court is affirmed.

Affirmed.