Michael SULLIVAN, Jr., Sheriff of El Paso County, Texas, Relator,

v.

The Honorable Edwin BERLINER, Judge of the 171st Judicial District, Respondent.

No. B–7422.

Supreme Court of Texas.

April 5, 1978.

Joseph A. Calamia and Charles Michael Mallin, El Paso, for relator.

Stephen W. Simmons, Dist. Atty., El Paso, for respondent.

STEAKLEY, Justice.

This is an original mandamus action brought by Michael Sullivan, Jr., Sheriff of El Paso County against Honorable Edwin Berliner, Judge of the 171st District Court in El Paso County. Sheriff Sullivan seeks an order directing Judge Berliner to request the Presiding Judge of the Sixth Administrative Judicial District to assign a non-resident judge of the District to preside in a removal suit pending against the Sheriff, including the hearing on temporary suspension. The writ is conditionally granted.

On February 23, 1978, an El Paso County grand jury handed down two indictments charging Sheriff Sullivan with official misconduct. On February 24, 1978, a removal suit was filed against the Sheriff in the 171st District Court of El Paso County. On February 27, Sheriff Sullivan was served with citation in the removal suit and with notice to show cause why he should not be temporarily suspended. A hearing on the temporary suspension was set for March 13.

On February 28, Sheriff Sullivan filed a motion requesting Judge Berliner to comply with Art. 200a(6) Tex.Rev.Civ.Stat.Ann. (Supp.1977). That statute provides in part:

". . . It shall also be the duty of a district judge in whose court an election contest or *suit brought for the removal of a local official is filed* to request the Presiding Judge of the Administrative Judicial District to assign a judge of the Administrative District who is not a resident of the county to hold a special or regular term of court in that county in order to dispose of such suits. . . ." (Emphasis added).

In an order signed February 28, Judge Berliner denied the motion "as to the hearing involving temporary suspension." Sheriff Sullivan thereafter filed this action. The sole issue before us is whether Art. 200a(6) requires a district judge in whose court a removal suit is filed to request the assign-

ment of a non-resident judge to rule on the initial question of temporary suspension as well as to dispose of the suit for removal. We hold that it does.

Suits for the removal of officers have long been part of Texas law. First passed in 1879, these statutes remain in substantially the same form. *See,* Tex.Civ. Stat. art. 3400, et seq. (1879) *and* Tex.Rev. Civ.Stat.Ann. art. 5961, et seq. (1962, Supp. 1977). A suit for removal is commenced by the filing of a petition. Tex.Rev.Civ.Stat. Ann. art. 5976 (1962). Only after suit has been filed, and citation had, may the officer in question be temporarily suspended. Tex. Rev.Civ.Stat.Ann. art. 5982 (1962). It is clear that a suit for removal includes temporary suspension proceedings in connection therewith.

There was added in 1977 the requirement that a non-resident judge of the same administrative district be assigned to dispose of the removal suit. See 1977 Tex. Gen.Laws, ch. 389, § 1 at 1060. The pertinent provision of Art. 200a(6), as thus amended, imposes the duty upon the district judge in whose court the removal suit is filed to request the assignment of a non-resident judge. This requirement applies to every phase of the removal proceeding under the clear and unambiguous provisions of the statute. This includes the hearing and determination of the motion for temporary suspension.

We assume that Judge Berliner will comply with the provisions of Art. 200a(6) in the manner we have indicated; the writ of mandamus will issue only in the event he does not do so.