

# The Attorney General of Texas

December 4, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Andy Shuval
Executive Director
Texas Prosecutors Coordinating
  Council
1414 Colorado
Austin, Texas 78711

Opinion No.  MW-404

Re: Appointment of prosecutor
pro tempore

Dear Mr. Shuval:

You have informed us that House Bill No. 649, passed in the last legislative session, contains language that raises questions regarding the manner and means by which a temporary prosecutor is appointed in certain situations where the elected prosecutor is unable to serve. Section 3 of House Bill No. 649 amends article 332d, V.T.C.S., by adding section 10A which provides in part:

> (a) A prosecuting attorney pro tempore shall be appointed by the body or person who has the authority to appoint the prosecuting attorney in the event of a vacancy.

Acts 1981, 67th Leg., ch. 709, §3, at 2651.

You ask what legal effect, if any, this statutory language has on the prior appointments of a criminal district attorney pro tem who was appointed on a continuing basis by the judges of that county in accordance with article 2.07, Texas Code of Criminal Procedure. The elected criminal district attorney is under suspension while appealing his disbarment.

The appointment of a prosecutor pro tem was initially made in 1980. The same person was reappointed on August 24, 1981, by order signed by the judges of all the county courts of law and district courts for the county. Article 2.07 provides, in pertinent part:

> (a) Whenever an attorney for the state is disqualified to act in any case or proceeding, is absent from the county or district, or is otherwise unable to perform the duties of his office, or in any instance where there is no attorney for the state, the judge of the court in

which he represents the state may appoint any competent attorney to perform the duties of the office during the absence or disqualification of the attorney for the state.

Specifically, you inquire:

(1) Whether the governor may or should appoint a prosecutor pro tempore on the effective date of House Bill No. 649;

(2) Whether the judicial appointments of the prosecutor pro tem are cancelled when House Bill No. 649 becomes effective;

(3) Whether the judicial appointments of the prosecutor pro tem are cancelled when the governor appoints another prosecutor pro tempore;

(4) Whether the judicial appointments of the prosecutor pro tem are cancelled when the removal action against the current elected district attorney is completed?

Article IV, section 12 of the Texas Constitution and article 328, V.T.C.S., grant the governor power to appoint a district attorney when a vacancy occurs. Thus, you wish to know whether House Bill No. 649 authorized the governor to appoint another prosecutor pro tempore to replace the individual serving on September 1, 1981, the effective date of the act.

Section 10 of article 332d, V.T.C.S., provides for the suspension of a prosecuting attorney upon disbarment by a trial court and in subsection (m) states that "[u]pon disqualification or suspension of a prosecuting attorney, the duties of his office shall be performed by a prosecuting attorney pro tempore as provided by this Act." Acts 1981, 67th Leg., ch. 709, §2, at 2651. The suspension of the elected prosecutor does not create a vacancy in his office; it prevents him from performing its duties pending final resolution of the disbarment action.

Prior to September 1, 1981, section 10(m) of article 332d, V.T.C.S., stated that "[u]pon disqualification of a prosecuting attorney, the duties of his office shall be performed by a prosecuting attorney pro tem as otherwise provided by law." Acts 1977, 65th Leg., ch. 345 at 917. (Emphasis added). In our opinion, this provision referred to article 2.07 of the Code of Criminal Procedure. Thus, the judge's appointment of a prosecutor pro tem was made pursuant to section 10(m) of article 332d, as well as article 2.07.

The amendment to article 332d, V.T.C.S., which became effective on September 1, 1981 provides that the governor shall appoint a

prosecutor pro tempore when the regular prosecutor has been disqualified or suspended. Secs. 10(m), 10A(a); see also Tex. Const. art. IV, §12; V.T.C.S. art. 328. The governor's power of appointment under article 332d comes into effect only upon the occurrence of a specific event -- the disqualification or suspension of the regular prosecutor. In the present case, the significant event occurred prior to the time the governor had the power to appoint a prosecutor pro tempore. Thus, his appointment power could not have been brought into existence at that time. We do not believe that the governor acquired the power to replace the judicially appointed prosecutor pro tem on September 1, 1981. A statute is held to operate prospectively only, unless it clearly states a legislative intent to operate retrospectively. See Freeman v. Terrell, 284 S.W. 946 (Tex. 1926). Thus, the enactment of House Bill No. 649 does not terminate judicial appointments of a prosecutor pro tem made before the effective date of the statute.

You specifically inquire when the judicial appointments of the prosecutor pro tem terminate. In our opinion, they will terminate when the suspension of the criminal district attorney is lifted, or when the disbarment becomes final and the governor exercises his right to fill the vacancy.

A prosecuting attorney is suspended when he is disbarred, whether following trial or upon agreement, and a prosecutor pro tempore may then be appointed. V.T.C.S. art. 332d, §10(d),(m). See Green v. County Attorney of Anderson County, 592 S.W.2d 69 (Tex. Civ. App. - Tyler 1979, no writ). The prosecuting attorney is removed from office upon final adjudication or conviction for any cause of action which was the basis of his suspension. V.T.C.S. art. 332d, §10(e). A "final conviction" is a judgment of conviction from which defendant has exhausted his right to appeal. Adams v. State, 125 S.W.2d 583 (Tex. Crim. App. 1939); Allen v. Texas Department of Public Safety, 411 S.W.2d 644 (Tex. Civ. App. - Texarkana 1966, no writ). In our opinion, "final adjudication" of a disbarment action also occurs when the defendant has exhausted his right to appeal. Any other construction would render meaningless the provision for suspension of a prosecutor following disbarment rather than outright removal. But cf. Oliphint v. Christy, 299 S.W.2d 933 (Tex. 1957) ("final adjudication" in article 7.14, section 23 of the Election Code means determination by judge on competent evidence). Although the court in Phagan v. State, 510 S.W.2d 655 (Tex. Civ. App. - Fort Worth 1974, writ ref'd n.r.e.), held that a district attorney vacated his office upon the trial court's judgment of disbarment, that determination predated the enactment of article 332d. Acts 1977, 65th Leg., ch. 345, at 917. Procedures governing removal proceedings are established by statute. See Sullivan v. Berliner, 568 S.W.2d 844 (Tex. 1978). Thus, under article 332d, V.T.C.S., the prosecutor's office is vacated by disbarment only upon final adjudication of disbarment.

If the highest court to which the disbarment is appealed overturns it, the district attorney's suspension from office is

lifted.  V.T.C.S. art. 332d, §10(m), Acts 1981, 67th Leg., ch. 709, §2, at 2651.  If the court upholds the disbarment, he is removed from office.  The governor is then entitled to appoint a replacement for the elected district attorney, to fill the vacancy created by his removal. Tex. Const. art. IV, §12; V.T.C.S. art. 328.  The governor's appointment will continue only until the first general election thereafter.  Tex. Const. art. IV, §12.  If the governor does not exercise his power to appoint a successor immediately upon the district attorney's removal, the judges of the district court retain authority under article 2.07 of the Code of Criminal Procedure to appoint a prosecutor pro tem "in any instance where there is no attorney for the state."  Under the facts presented, the prosecutor pro tem appointed by the judges may serve until the governor exercises his right to fill a vacancy created upon a final adjudication of disbarment.

## S U M M A R Y

The appointment of a prosecutor pro tem pursuant to article 2.07 of the Code of Criminal Procedure did not terminate as of September 1, 1981, the effective date of amendments to article 332d, V.T.C.S., by House Bill No. 649 of the Sixty-seventh Legislature.  This appointment will terminate when the suspension against the district attorney is lifted, or in case the district attorney is permanently removed from office, when the governor exercises his right to fill the vacancy thereby created.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Joe Foy Jr. &
Susan L. Garrison
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Joe Foy Jr.
Rick Gilpin
Jim Moellinger