**Richard L. GLASER, et al., Appellants,**

v.

**BUCKHOLTS INDEPENDENT SCHOOL DISTRICT, Appellee.**

**Nos. 13387, 13423.**

Court of Appeals of Texas, Austin.

Nov. 25, 1981.

Rehearing Denied Dec. 16, 1981.

Marvin D. Shwiff, Sal Levatino, Austin, for appellants.

Earl Luna, Dallas, for appellee.

ON MOTION FOR REHEARING

PHILLIPS, Chief Justice.

Our opinion of October 7, 1981, is ordered withdrawn and the following is substituted.

This is an election contest case. Appellants challenged a bond election held by appellee/school district. The initial challenge was under the authority of Tex. Election Code Ann. art. 9.01 *et seq.* (Vernon Supp.1980–81). Appellee countered with a suit for declaratory relief under the provisions of Tex.Rev.Civ.Stat.Ann. art. 717m–1 (Vernon Supp.1980–81). The election contest and the suit for declaratory relief were consolidated by order of the trial court. Appellee moved that bond be set as allowed by art. 717m–1, § 8. After a hearing, the trial court set bond at $75,000.00. Appellants declined to post bond and their case was dismissed.

Appellants perfected an appeal to this Court. The appeal raised a number of constitutional and statutory questions, was fully briefed, argued and a full written opinion rendered. The judgment of the trial court was affirmed.

■ In its motion for rehearing, appellant, for the first time, argues the district judge breached a mandatory, statutory duty in failing to request the presiding judge of his administrative judicial district to assign a judge who was not a resident of Milam County to hear this cause. Art. 200a, § 6, in pertinent part, provides:

"It shall be the duty of a district judge in whose court an *election contest* or suit for the removal of a local official is filed to request the Presiding Judge of the Administrative Judicial District to assign a judge of the Administrative District *who is not a resident of the county* to hold a special or regular term of court in that county in order to dispose of such suits. A district judge shall request the Presiding Judge to assign a judge of the Administrative District to hear any motions to recuse such district judge from a case pending in his court."

Tex.Rev.Civ.Stat.Ann. art. 200a, § 6 (Vernon's Supp.1980–81) (emphasis added).

The municipality of Buckholts is in Milam County. Judge Don G. Humble's 20th Judicial District spans both Milam and Robert-son counties. In connection with the consideration of this motion, this Court takes judicial notice of the fact that Judge Humble resides in Milam County.

Art. 200a, § 6 adds three additional judicial disqualifications to the traditional disqualifications found in Tex.Const. art. 5, § 11 and Tex.Civ.Rev.Stat.Ann. art. 15 (Vernon's 1969). In essence, the statute requires district judges to recuse themselves from three kinds of proceedings: election contests, suits to remove local officials, and motions to recuse. The statute has been applied in the removal-of-local-official context, *Sullivan v. Berliner*, 568 S.W.2d 844 (Tex.1978), and the ·motion-to-recuse context. *McLeod v. Harris*, 582 S.W.2d 772 (Tex.1979); *Society of Separationists v. Strobel*, 593 S.W.2d 855 (Tex.Civ. App.—Austin 1980, no writ).

We hold that Judge Humble should have requested assignment of a non-resident judge to hear the election contest filed in his court.

■ Appellee contends Judge Humble did not try the bond election contest portion of the case and hence did not breach his statutory duty. Appellee bases this claim on the fact that Judge Humble held only a show cause hearing on appellee's motion to set bond under art. 717m–1, § 8 and did require bond. Appellants declined to post the bond and the case was dismissed. We must reject this argument on two grounds. First, Judge Humble's statutory duty to seek a non-resident judge arose when the election contest was *filed*. All of his subsequent actions concerning this suit were void. Second, article 717m–1 allows a declaratory judgment action to determine the validity of bond elections. The article 717m–1 counterclaim in this case is every bit as much an "election contest" as is an action under the Election Code. The entire, consolidated action before Judge Humble was directed toward determining the propriety of an election. He was statutorily disqualified from participating at all.[1]

---

1. This application of art. 200a, § 6 is supported at least inferentially by *Sullivan, supra*. There, a district judge was held disqualified to sit not only in an action to remove the county sheriff,

Unfortunately, appellants have raised this issue at a very late stage in the litigation causing the waste of time and resources by all involved: opposing counsel, the court below, and this Court. However, the courts have long held that any action taken by a judge who is disqualified by Constitution or statute is null and void. *Lee v. State*, 555 S.W.2d 121 (Tex.Crim. App.1977); *Cain v. Franklin*, 476 S.W.2d 952 (Tex.Civ.App.—Austin 1972, writ ref'd n. r. e.); *Fry v. Tucker*, 146 Tex. 18, 202 S.W.2d 218 (1947); *Postal Mutual Indemnity Co. v. Ellis*, 140 Tex. 570, 169 S.W.2d 482 (1943).

Accordingly, we must reverse the judgment of the trial court and remand the case with instructions that Judge Humble request the presiding judge of the administrative judicial district assign a judge who is not a resident of Milam County to preside over this cause.

but also in a related temporary suspension ac-

tion concerning the sheriff.