STATE OF NORTH CAROLINA v. RONALD ROGERS, Defendant

No. COA02-1705

(Filed 18 November 2003)

**Indigent Defendants— attorney fees—appointed counsel—
judgment against defendant—conviction reversed**

The trial court erred by entering a judgment against defendant for his appointed counsels' attorney fees arising out of his first trial, because: (1) N.C.G.S. § 7A-455(c) provides that no order for partial payment shall be entered unless the indigent person is convicted; and (2) our Supreme Court's reversal of defendant's conviction based on presumed ineffective assistance of counsel because counsel had insufficient time to prepare a defense means he was not convicted in the initial trial and cannot be held liable for attorney fees.

Appeal by defendant from order and judgment entered 14 June 2002 by Judge Michael E. Beale in Superior Court, Richmond County. Heard in the Court of Appeals 14 October 2003.

*Attorney General Roy Cooper, by Special Deputy Attorney General W. Dale Talbert, for the State.*

*Osborn & Tyndall, P.L.L.C., by J. Kirk Osborn and Amos Granger Tyndall, for the defendant-appellant.*

WYNN, Judge.

By this appeal, Defendant, Ronald Rogers, asks this Court to consider whether the trial court erred in entering a judgment against him for attorneys' fees arising out of ineffective representation. After careful review, we vacate the judgment for attorneys' fees.

After a jury trial, Defendant was convicted of first degree murder, assault with a deadly weapon with intent to kill inflicting serious injury and discharging a firearm into occupied property and was subsequently sentenced to death. On appeal, our Supreme Court determined Defendant's appointed counsel, Ira B. Pittman and Joseph G. Davis, III, had insufficient time to prepare for the defense of Defendant's criminal trial and therefore Defendant was entitled to a new trial. *See State v. Rogers,* 352 N.C. 119, 529 S.E.2d 671 (2000). On remand, the trial court appointed the same counsel to represent Defendant; however, Defendant chose to retain private counsel and

eventually pled guilty to second-degree murder pursuant to a plea agreement.

After Defendant retained private counsel, the trial court entered a judgment against Defendant for his appointed counsels' attorneys' fees from 16 June 2000, the date of the Supreme Court opinion, through the date they withdrew as counsel. After Defendant entered his guilty plea, the trial court informed Defendant and his private counsel that it was "[taking] the issue of judgment for attorney fees from [the appointed counsels'] original appointment under advisement until a hearing at bar." On 14 June 2002, the trial court entered an order and judgment awarding Mr. Pittman, $45,416.35, and Mr. Davis, $35,611.10, as attorneys' fees. Defendant appeals.

---

Defendant contends N.C. Gen. Stat. § 7A-455(c) precludes an order for partial payment of attorneys' fees in this case. Under N.C. Gen. Stat. § 7A-455(c) (2001), "no order for partial payment under subsection (a) . . . or under subsection (b) . . . shall be entered unless the indigent person is convicted." Defendant argues the Supreme Court's reversal of his conviction due to presumed ineffective assistance of counsel means he was not convicted in the initial trial and cannot be held liable for attorneys' fees. We agree.

The defendant argues, and the State recognizes, that the universal practice of the general courts of justice is to not reduce to judgment the money value of legal services provided an indigent person convicted at trial when an appeal is taken that results in a reversal of the conviction. That practice is a reasonable interpretation of the language of N.C. Gen. Stat. § 7A-455(c). *See Barbour v. Scheidt*, 246 N.C. 169, 172, 97 S.E.2d 855, 858 (1957) (stating that "where a defendant appeals . . . it will not be deemed a final conviction unless the judgment of the trial court is upheld by the appellate court"); *see also State v. Alexander*, 76 N.C. 231, 233 (1877) (stating that if an appellate "court should decide there was error [in a trial] and direct a *venire de novo*, the conviction also would be annulled and the defendant stand as if there had been no trial").

In this case, our Supreme Court held Defendant was entitled to a new trial. Accordingly, Defendant cannot be held responsible for appointed counsels' attorneys' fees arising out of the first trial.

Vacated.

Judges TIMMONS-GOODSON and ELMORE concur.