STATE v. ARTHUR GOFF.

(Filed 2 June, 1965.)

**Escape § 1—**

A prisoner escaping while serving a sentence is not immune to punishment for the escape even though the sentence he was serving at the time

of the escape was irregular or voidable and is set aside and a new trial ordered after the escape but prior to imposition of sentence for escape, since a prisoner serving a sentence imposed by authority of law may not defy that authority but must seek redress in compliance with due process.

CERTIORARI allowed by this Court 13 April 1965 on petition of the State of North Carolina to review the judgment of *Cowper, J.,* at the March Session 1965 of the Superior Court of PITT County allowing Arthur Goff's application for writ of *habeas corpus.*

At the August 1961 Criminal Session of the Superior Court of Pitt County, the defendant was tried upon two bills of indictment. In Indictment No. 7751, he was charged with breaking, entering, and the larceny of property of the value of less than $100.00; in Indictment No. 7752, he was charged with a felonious assault. He pleaded guilty to Indictment No. 7751 and received a sentence of not less than three nor more than five years in the State's Prison. In Indictment No. 7752 he entered a plea of not guilty, but upon a jury verdict of guilty was sentenced to serve not less than seven nor more than ten years in the State's Prison, this sentence to begin at the expiration of the sentence imposed in Case No. 7751.

On 11 August 1963, the defendant completed serving the sentence imposed in Case No. 7751 and began serving the sentence imposed in Case No. 7752.

On 10 August 1964, while serving the sentence imposed for felonious assault in Case No. 7752, the defendant escaped from the custody of the State's Prison and was recaptured on 12 August 1964.

Indictment No. 4880 was returned at the January-February 1965 Session of the Superior Court of Sampson County charging the defendant with having escaped from the custody of the State's Prison system while in the lawful custody thereof.

After waiver of counsel, the defendant entered a plea of guilty and was sentenced to be confined in the common jail of Sampson County for a term of six months and to be assigned to work under the supervision of the State Prison system. This sentence was set to begin at the expiration of the sentence imposed in the Superior Court of Pitt County at the August 1961 Session in Case No. 7752.

On 26 January 1965, pursuant to this Court's opinion in *S. v. Goff,* 263 N.C. 515, 139 S.E. 2d 695, filed 15 January 1965, Cowper, J., presiding over the January 1965 Session of the Superior Court of Pitt County, entered judgment vacating the judgment and sentence imposed in Case No. 7752, on the ground that the defendant had not been represented by counsel, and ordered a trial *de novo* on the bill of indictment entered at the August 1961 Session in Case No. 7752.

Thereafter, on 26 March 1965, the defendant having filed a petition for writ of *habeas corpus,* Judge Cowper entered an order releasing the defendant from the sentence imposed in Case No. 4880 in Sampson County.

On 5 April 1965, pursuant to a motion filed by the State of North Carolina, Bundy, J., Resident Judge for the County of Pitt, entered an order staying the execution of Judge Cowper's judgment of 26 March 1965.

The Attorney General filed an application for *certiorari* in this Court on 6 April 1965, which was granted as hereinbefore set forth.

*Attorney General Bruton, Staff Attorney Andrew A. Vanore, Jr., for the State, appellant.*

*H. Horton Rountree for defendant appellee.*

DENNY, C.J. The question for determination on this appeal is simply this: Did the court below commit an error in vacating the sentence imposed by the Superior Court of Sampson County for an escape while the defendant was serving a sentence which had been vacated and a new trial ordered before the sentence for the escape was imposed? We think the question must be answered in the affirmative.

G.S. 148-45 in pertinent part reads as follows: "* * * Any prisoner serving a sentence imposed upon conviction of a felony who escapes or attempts to escape from the State prison system shall for the first such offense be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than six months nor more than two years. * * *"

This Court, in *S. v. Garrell,* 82 N.C. 580, recognized the rule that one cannot take it upon himself to reverse or ignore an erroneous judgment. The prisoner was delivered to the custody of a constable, pursuant to an erroneous judgment. The constable negligently allowed the prisoner to escape. In holding the constable liable, the Court said:

"The judgment pronounced was at most merely erroneous, and not void. * * *

"The Judge may have erred in that portion of his judgment which committed Hogan to the house of correction, and we think he did, as such sentences, according to the true intent and meaning of the Constitution and statutes on that subject, extend only to vagrants and persons guilty of misdemeanors; but of that question, as of every other arising on the trial, his Honor had jurisdiction, and if he erred in that particular it was an error of law for

which the judgment was voidable, but of full force and effect until reversed in the appropriate way. * * *

"* * * Hence it follows that, until the sentence of commitment to the house of correction was reversed, it was the duty of the defendant in his capacity of manager to hold and keep the prisoner committed to his custody, and not assume practically to reverse the judgment of one of the courts of the State by allowing the prisoner by his negligence to escape. * * *"

A similar result was reached in *S. v. Armistead*, 106 N.C. 639, 10 S.E. 872.

In the case of *Bayless v. United States* (9th C.C.A.), 141 F. 2d 578, the defendant had been convicted of several violations of federal law, and defendant had not been afforded counsel nor had he intelligently waived counsel. He was committed pursuant to the conviction and subsequently attempted to escape. The Ninth Circuit Court held that he could be convicted of an attempt to escape even though his detention was irregular in that he had not been afforded counsel. The Court quoted with approval from an opinion by the Fifth Circuit Court in the case of *Aderhold v. Soileau*, 67 F. 2d 259, as follows:

"* * * A prisoner in a penal institution whose sentence is irregular or voidable may not for that reason, and before some court has so adjudged, defy his guards and run away. A difference of opinion might cause a death. Such a doctrine would set discipline at naught. The statute, 18 U.S.C.A. § 753h, forbids escape, not only to those "properly in the custody of the Attorney General" but also to all "who are confined in any penal or correctional institution, pursuant to his direction," without mention of the propriety of the confinement. We are of opinion that attempts at escape from such institutions are * * * forbidden to all inmates, and that, if they consider their confinement improper, they are bound to take other means to test the question.' "

The Supreme Court of the United States denied *certiorari* in *Bayless v. United States*, 322 U.S. 748, 88 L. Ed. 1580.

In *Tann v. Commonwealth*, 190 Va. 154, 56 S.E. 2d 47, the defendant had been convicted of a number of felonies. He escaped from the State Penitentiary while serving a sentence for one of these offenses. He was recaptured and tried upon a bill of indictment for escape. He pleaded the unlawfulness of his imprisonment on the ground that he had been denied due process of law in that he did not have the assistance of counsel upon his trials. The Supreme Court of Appeals of Virginia said:

"An escape from custody authorized by law is a crime against public justice. The statute declaring it to be an offense proceeds from the theory that a citizen should yield obedience to the law. When one has been, by authority or command of the law, confined in prison, it is his duty to submit to such confinement until delivered by due course of law, no matter whether he has been committed for a future trial, or for punishment after conviction. It is generally held by the more modern authorities that it is immaterial whether he is innocent or guilty of the original offense in so far as his liability for escaping is concerned. * * *

"It would bring the law into disrepute and completely render prison order and discipline unenforceable if prisoners convicted of crime could exercise the right of self-judgment and self-help and be allowed to escape from imprisonment, either because they believe themselves to be innocent, or that their convictions were obtained through legal error. The validity of a judgment often presents a difficult question for experienced lawyers and the courts. * * *

"When a prisoner is held in legal custody and commits an escape, the crime itself does not depend upon whether he would have been adjudged guilty or innocent of the original offense had the proper procedure for appeal been followed. Under the same conditions, and for the same reasons, the crime does not depend upon whether it may or may not be determined in a future *habeas corpus* proceeding that his original conviction was void for defects in the judgment of conviction by a court of competent jurisdiction."

See 70 A.L.R. 2d Anno.: Justification for Escape, page 1430, *et seq.*, where the cases from many jurisdictions have been collected.

We hold that the sentence imposed in the Superior Court of Sampson County at the January-February Session 1965 on the charge of escape was a valid sentence irrespective of the outcome of the new trial ordered by this Court; and that the order of Cowper, J., entered in a *habeas corpus* proceeding in Pitt County on 26 March 1965, to the effect that the defendant Goff "is being illegally confined under sentence imposed in Docket No. 4880, Sampson County," was erroneous and such order is reversed and set aside. When this opinion has been certified down, whether the defendant has been retried or not as directed by Judge Cowper's order entered on 28 January 1965, and regardless of the outcome of such trial, this cause will be remanded to Sampson County for the imposition of a proper sentence on the conviction for escape. *S. v. Fain*, 250 N.C. 117, 108 S.E. 2d 68.

The order entered below releasing the defendant from the sentence imposed in the Superior Court of Sampson County for escape is
Reversed.