STATE v. WILLIAM MACK SEYMOUR.

(Filed 23 July, 1965.)

**Criminal Law § 132—**

Where the court does not enter separate judgments but consolidates for judgment and sentence eight cases and enters one judgment thereon, such judgment cannot exceed the maximum for one offense.

ON *certiorari* to review order entered by *Mintz, J.*, at the April, 1965 Session, WAYNE Superior Court.

*T. W. Bruton, Attorney General, Andrew A. Vanore, Jr., Staff Attorney for the State.*
*Henson P. Barnes for defendant appellant.*

PER CURIAM. The following appears from the application for *certiorari* and the Attorney General's answer: The defendant was in-

STATE *v.* SEYMOUR.

dicted in the Superior Court of Wayne County in eight cases, Nos. 7600 through 7607, each charging house breaking and larceny. At the November Session, 1963, the defendant (and a codefendant, Jarvis Bowen) through counsel, entered pleas of guilty to all charges. "The eight cases were consolidated for purposes of plea and judgment, the court (Cowper, J., presiding) imposed a single sentence of 20 years in the State's Prison . . ."

The defendant, by writ of *habeas corpus* before Judge Mintz, challenged the legality of the sentence upon the ground that one judgment having been entered, the punishment could not exceed ten years. Judge Mintz held the sentence of 20 years was not unlawful and denied relief.

Unquestionably Judge Cowper could have entered a separate judgment in each case and could have provided that sentences run consecutively. However, he consolidated the cases and entered one judgment. That judgment could not exceed 10 years.

The cause is remanded to the Superior Court of Wayne County with directions to vacate the sentence imposed by Judge Cowper and to enter in lieu thereof a sentence which in no event may exceed the statutory limit of 10 years. The prisoner is entitled to credit thereon for the time served.

Remanded for the entry of a proper judgment.