STATE OF NORTH CAROLINA v. JAMES WAYNE MASSEY.

(Filed 10 November, 1965.)

**1. Criminal Law § 131—**
> Under G.S. 20-176, prior to the 1965 amendment to G.S. 20-105, a person convicted of a misdemeanor for violating Article 3 of the Motor Vehicle Act in instances in which the statute does not provide other penalties, could not be sentenced to more than 60 days in jail. G.S. 14-3 does not apply to convictions under the Motor Vehicle Act.

**2. Escape § 1—**
> A prisoner may be punished for an escape even though at the time of the escape he has completed service of the maximum legal term, but when the maximum legal term for the offense of which he was convicted plus the sentence for repeated escape have been served, he is entitled to his immediate release.

PETITION for a writ of *habeas corpus.* On *certiorari* to review order entered by *Falls, J.,* denying writ, August 30, 1965 Schedule B Session of GASTON.

Defendant-petitioner's application for a writ of *certiorari* and the Attorney General's answer show these facts: At the January 6, 1964 Criminal Session of the Superior Court of Gaston County, defendant, through counsel, entered pleas of guilty in cases numbered 5657, 5659, and 5696 to three charges of the unlawful taking of a motor vehicle, a violation of G.S. 20-105. The presiding judge, Honorable Francis O. Clarkson, consolidated the cases for judgment and imposed a sentence of two years. In consequence, defendant was com-

mitted to the State Prison Department on January 8, 1964, for two years for "temporary larceny." On May 8, 1964, while serving this sentence, defendant escaped. He was tried for this offense (Case No. 201) in Catawba County and given a sentence of 90 days to begin at the expiration of the two-year sentence imposed in Gaston County. Thereafter, on June 1, 1964 (Case No. 6463), and on June 3, 1964 (Case No. 6464), defendant again escaped. He was tried in the Superior Court of Caldwell County on December 7, 1964, for these two escapes and received a sentence of six months in each case, these sentences to run consecutively and to begin at the expiration of the sentence in Case No. 201.

Defendant, *in propria persona,* petitioned the judge presiding in Gaston County for a writ of *habeas corpus,* and counsel was appointed to represent him. Judge Falls heard the prisoner's petition on September 8, 1965. Being of the opinion that the violation of G.S. 20-105 is "a general misdemeanor, and that the sentence of two years imposed by the Honorable Francis O. Clarkson at the January 6, 1964 session is not excessive," Judge Falls entered judgment that defendant "is now lawfully confined in the State Prison System for the service of the sentences above outlined," and denied defendant's petition for discharge. On October 26, 1965, defendant's counsel applied to this Court for a writ of *certiorari.*

*T. W. Bruton, Attorney General, Theodore C. Brown, Jr., Staff Attorney for the State.*

*Henry M. Whitesides for defendant-petitioner.*

PER CURIAM. At the time defendant committed the offense charged in cases numbered 5657, 5659, and 5696, and at the time he was sentenced therefor, the violation of G.S. 20-105 was a misdemeanor for which no specific punishment was prescribed. Immediately following this section in Volume 1C of the General Statutes of North Carolina (1953), the annotation prepared by the publisher begins with this statement: "CROSS REFERENCE. As to misdemeanors for which no specific punishment is prescribed, see § 14-3." This allusion to G.S. 14-3 was erroneous; the reference should have been to G.S. 20-176 which specifies that, unless another penalty is provided, every person convicted of a misdemeanor for the violation of Article 3 of the Motor Vehicle Act (which article includes G.S. 20-105) shall be punished by a fine of not more than $100.00, or by punishment in the county or municipal jail for not more than 60 days, or by both such fine and imprisonment. G.S. 14-3 has reference to misdemeanors other than those created by Article 3 of

Chapter 20 of the General Statutes which relates to motor vehicles. This mistaken reference to G.S. 14-3 in the annotation, carried forward biennially in the reprints of the Motor Vehicle Laws of North Carolina, created confusion which resulted, as here, in a number of excessive sentences for the violation of G.S. 20-105. On April 7, 1965, by Chapter 193 of the Session Laws of 1965, the General Assembly amended G.S. 20-105 to make its violation "punishable by fine or by imprisonment not exceeding two years, or both, in the discretion of the court."

Since defendant pled guilty to three charges of a violation of G.S. 20-105, Judge Clarkson could have imposed a maximum sentence of 180 days or 6 months. Instead, he consolidated the cases and entered one judgment which could not legally exceed 60 days. *State v. Seymour,* 265 N.C. 216, 143 S.E. 2d 69.

Defendant, having been committed on January 8, 1964, had served 60 days at the time of his first escape. Nevertheless, his remedy was a petition for *habeas corpus,* not escape. *State v. Goff,* 264 N.C. 563, 142 S.E. 2d 142. His three escape sentences, plus a maximum legal 60-day sentence under G.S. 20-105, total 17 months. Defendant has now served in excess of that time. He is entitled to his immediate release, and it is so ordered.

The Clerk of this Court will certify a copy of this order to the State Prison Department, as well as to the Superior Court of Gaston County.

*Certiorari* allowed.

Defendant ordered released.