STATE *v.* HART.

STATE v. JOE T. HART.

(Filed 9 March 1966.)

**Criminal Law § 131—**
    Where cases are consolidated for judgment, such judgment cannot exceed the maximum for any one offense.

MOORE, J., not sitting.

APPEAL by defendant from *Falls, J.,* July 12, 1965 Criminal Term of CLEVELAND.

Defendant was charged in six warrants with issuing a worthless check to persons named and for the amount specified in each of the warrants, misdemeanors, G.S. 14-107. He was found guilty in the Recorder's Court on each charge. A prison sentence of six months was there imposed in each case. Defendant appealed to the Superior Court. There the cases were "consolidated for trial and judgment." Defendant then entered a plea of guilty to each charge. The court thereupon adjudged that the defendant be imprisoned "in the common jail of Cleveland County for a period of 36 months." Defendant excepted and appealed.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*
    *Joseph M. Wright for defendant.*

PER CURIAM. When the cases were consolidated for judgment the court could not impose a sentence in excess of the punishment authorized upon conviction or plea of guilty of any one of the crimes charged, *State v. Massey,* 265 N.C. 579, 144 S.E. 2d 649.

The judgment imposing prison sentence of 36 months is vacated.

The case is remanded for sentence not in excess of that allowed by law.

Judgment vacated.

Remanded for proper sentence.

