STATE OF NORTH CAROLINA v. JAMES R. WARREN
No. 6929SC67

(Filed 30 April 1969)

1. Escape § 1— testimony as to authority of defendant to leave work gang

In this prosecution for escape from a prison work gang, the court did not err in admitting testimony by the assistant prison superintendent that

"the defendant was not authorized to leave the custody of the foreman to which he had been assigned" where the witness also testified that he had the duty of assigning each inmate to a work detail, that he assigned defendant to a work detail on the date in question, and that the foreman does not have authority to excuse a prisoner from work or to send him outside the immediate work area.

**2. Criminal Law § 86; Witnesses § 8— cross-examination of defendant as to prior convictions**

A defendant who elects to testify in a criminal case may be cross-examined as to his prior convictions for the purpose of impeaching him as a witness.

**3. Criminal Law § 86; Witnesses § 8— cross-examination of defendant as to prior convictions**

In this prosecution for escape, the trial court did not commit prejudicial error in allowing the solicitor to ask defendant a question concerning a charge against defendant in another state after defendant had stated that the charge had been dismissed, the extent of cross-examination for the purpose of impeachment resting largely in the discretion of the trial judge.

**4. Escape § 1— sufficiency of evidence**

The evidence *is held* sufficient to be submitted to the jury on the issue of defendant's guilt of a misdemeanor escape in violation of G.S. 148-45.

**5. Escape § 1— justification for escape — deprivation of procedural rights**

In this prosecution for escape, the trial court properly refused defendant's request for instructions to the effect that a gross deprivation of procedural rights would constitute justification for escaping from a criminal sentence so as to preclude a conviction for escape, since the deprivation of procedural rights before or during imprisonment does not constitute justification for an escape by a prisoner serving a sentence imposed by authority of law even though the sentence is later held to be irregular or voidable.

APPEAL by defendant from *Thornburg, S.J.*, Special August 1968 Session of Superior Court of POLK County.

Defendant was tried by a jury upon a bill of indictment charging him with the crime of escape from the North Carolina State Prison System while serving a sentence imposed on him for the crime of nonsupport, which is a misdemeanor. The verdict of the jury was guilty as charged.

From the judgment imposing a prison sentence of one year to begin at the expiration of the sentence or sentences then being served by the defendant, he appeals to the Court of Appeals.

*Attorney General Robert Morgan and Staff Attorney L. Philip Covington for the State.*

*McCown, Lavendar & McFarland by William H. Miller for defendant appellant.*

MALLARD, C.J.

The pertinent parts of G.S. 148-45 relating to the misdemeanor of escape read as follows:

"Any prisoner serving a sentence imposed upon conviction of a misdemeanor who escapes or attempts to escape from the State prison system shall for the first such offense be guilty of a misdemeanor and, upon conviction thereof, shall be punished by imprisonment for not less than three months nor more than one year."

The State offered evidence tending to show that the defendant was tried in March 1968 in the Superior Court of Burke County for the crime of nonsupport and was sentenced to prison for eight months. Commitment was issued, and subsequently, the defendant was imprisoned in the Henderson County Unit No. 6524 of the State Prison System. On 2 May 1968 while working with a work crew in Polk County, the defendant escaped from the custody of the prison authorities.

Defendant as a witness offered evidence which tends to show that he had been tried and convicted in March 1968 in Burke County Superior Court for nonsupport of his children and that "I left the work gang because my constitutional rights were violated. The constitutional rights of mine that have been violated were double jeopardy, discrimination, common law, State law, and civil rights law. My civil rights are that I am not supposed to be discriminated against, nor my mail violated, or putting me in double jeopardy of a felony for which I am not serving time."

[1] The defendant contends that the trial judge committed error in admitting testimony of the State's witness Bain "that the defendant was not authorized to leave the custody of the foreman to which he had been assigned," and "that the defendant was not authorized to go into Rutherford County from Polk County." This contention is without merit. The witness Bain testified without objection that he, as Assistant Superintendent of Henderson County Prison Unit No. 6524, had the duty of assigning each inmate to a working detail. That he did assign the defendant to work in Polk County on a rural road off North Carolina Highway No. 9 on the 2nd day of May

1968. The witness Bain further testified that "(t)he man I assign each inmate to does not have authority to excuse him from work or to send him outside the immediate work area."

[2]    Defendant contends that the trial judge committed error in overruling defendant's objections to the solicitor's question concerning previous convictions. The question was: "Mr. Warren, what have you been convicted of?" The trial judge overruled the objection, and the defendant excepted. The trial judge did not commit error in so doing. If there is any law that may be said to be "elementary law" in North Carolina, among such is the rule that a defendant who elects to testify in a criminal case may be cross-examined as to his prior convictions for the purpose of impeaching him as a witness. 7 Strong, N.C. Index 2d, Witnesses, § 8; Stansbury, N.C. Evidence 2d, § 112.

[3]    Defendant bases his assignment of error no. 6 on his exception no. 8 taken while the solicitor for the State was cross-examining the defendant with respect to his criminal record. The following occurred while questions were being asked the defendant by the solicitor:

"Q.    All right, how about Long Beach, California?

A.    That case has been dismissed.

Q.    Sir?

A.    That case has been dismissed.

Q.    I ask you if you didn't have a conviction for crime against children — (interrupted)

A.    No, sir, I did not, no, sir.

(Continued) In Long Beach, California, February 19th, 1954?

OBJECTION OVERRULED        EXCEPTION No. 8

A.    No, sir."

There was no objection by the defendant to the first two questions above stated. The first question, nothing else appearing, does not relate to the defendant's criminal record. However, the defendant interpreted it to refer to some case. The only reference in the above questions or answers to a crime is in the third question, the one objected to, and the defendant, according to the record, interrupted the solicitor before he finished his question in his eagerness to deny it. It is also the law in North Carolina that the extent of cross-examination for the purposes of impeachment rests largely in the discretion of the trial judge. 7 Strong, N.C. Index 2d, Witnesses, § 8. No prejudicial error is shown here.

**[4]** Defendant contends that the trial judge committed error in failing to allow defendant's motion for judgment as of nonsuit at the close of the State's evidence and at the close of all the evidence. This assignment of error is overruled. There was ample evidence to require the submission of the case to the jury on the charge of unlawful escape in violation of G.S. 148-45.

**[5]** Defendant assigns as error the failure of the trial judge to instruct the jury as requested in writing by the defendant as follows:

> "The deprivation of procedural rights may constitute particular grounds of justification for escaping from confinement under a criminal sentence so as to preclude conviction for the separate criminal offense of escape; as to the facts establishing the circumstances relied upon as showing justification, the court instructs you that the gross deprivation of procedural rights would constitute such grounds, and circumstances which would be justification for escaping."

The defendant asserts as justification for his request for such instruction that his constitutional rights have been violated.

The deprivation of procedural rights before or during imprisonment does not constitute grounds for, or justification for an escape by a prisoner serving a sentence imposed by authority of law. This is so even though the sentence the prisoner was serving at the time was later held to be irregular or voidable. A prisoner in such case may not put himself in defiance of the duly constituted authorities by escaping from custody but must seek redress in compliance with due process. *State v. Goff*, 264 N.C. 563, 142 S.E. 2d 142.

Defendant attempts to distinguish *State v. Goff, supra,* from this case by arguing that the defendant Warren attempted, through legal process, to obtain review of his conviction, that he filed a petition with this Court, and that he wrote the Attorney General in requesting assistance in procuring counsel and perfecting an appeal. We think that the principles of law relating to escape enunciated in the *Goff* case are applicable to the case before us. In *Goff*, the defendant, who was serving a sentence for felonious assault, escaped. The judgment and the sentence in the felonious assault case were vacated by the Supreme Court on the ground that the defendant had not been represented by counsel, and a trial *de novo* was ordered. The Court held that the defendant could be tried and sentenced on the charge of escape irrespective of the outcome of the new trial ordered in the felonious assault case.

Defendant also cites in support of his contention the West Vir-

ginia case of *State v. Boles,* 142 S.E. 2d 55, which holds that an escape by a prisoner from imprisonment under a void judgment does not constitute a crime. We do not agree that such is the law in North Carolina. The Supreme Court of North Carolina in the *Goff* case has held otherwise. See also *Boydston v. Wilson,* 365 F. 2d 238 (1966).

Defendant also raises other questions by assignment of error. We have carefully considered each of them, find them to be without merit, and deny them.

No error.

BRITT and PARKER, JJ., concur.