STATE OF NORTH CAROLINA v. STEVE WILKINS

No. 778SC393

(Filed 16 November 1977)

**1. Criminal Law § 169.3— evidence excluded—similar evidence subsequently introduced—no error**

Even if the trial court erred in excluding testimony offered by defendant relevant to his defense of entrapment, defendant was not prejudiced, since substantially the same evidence was admitted at other times during the trial without objection.

**2. Criminal Law § 87.4— witness impeached—character evidence on redirect examination—evidence admissible**

After the impeachment of a witness, evidence is admissible to restore and strengthen the credibility of the witness; therefore, the trial court in a prosecution for possession and sale of marijuana did not err in allowing the State to introduce evidence of a witness's good character where the witness had been subjected to vigorous cross-examination in a somewhat successful effort to discredit her testimony in chief.

**3. Criminal Law § 88.3— cross-examination on collateral matters—witness's answers binding**

Defense counsel is bound by the witness's answer to cross-examination on collateral issues and may not contradict it by extrinsic evidence or other testimony.

**4. Criminal Law § 169.3— testimony admitted over objection—subsequent similar testimony admitted without objection**

The admission of testimony over objection is harmless to defendant when he elicits the same testimony on cross-examination for the purpose of amplifying the information given on direct examination.

**5. Criminal Law § 7.1— entrapment—no showing as a matter of law**

In a prosecution for possession and sale of marijuana, evidence was insufficient to show entrapment as a matter of law where it tended to show that the relationship between defendant and an undercover agent was very casual; the agent and defendant had met only once before the sale was consummated; defendant agreed to acquire marijuana and sell it to the agent after only two requests from the agent, both of which were made over the phone; and defendant refused the request for a sale made in the first phone call only because there was no marijuana available.

**6. Criminal Law § 88.4— cross-examination—violation of probation terms—admissibility of evidence**

It was within the trial judge's discretion to allow cross-examination regarding violations of the terms of probation and the defendant's failure to disclose criminal activity, since both of these matters tended to cast light on the character of the witnesses.

State v. Wilkins

7. **Criminal Law § 117.3— undercover agent—instruction to scrutinize testimony —no error**

An instruction that the jury should scrutinize the testimony of an undercover agent in the light of the witness's interest or bias, but that if the jury should conclude that he is telling the truth his testimony is to be given the same value as any other believable evidence is without error.

8. **Criminal Law § 117.3— undercover agent—instruction on scrutiny of testimony proper**

The court's instruction, "You may find from the evidence that the State's witness, Judith Lynn Melvin, is interested in the outcome of this case because of her activities as an undercover agent," resulted in no prejudice to defendant even though it allowed the jury to consider whether Miss Melvin was in fact an agent before it was required to scrutinize her testimony, since the role of the witness Melvin as an undercover agent was unchallenged at trial and there could be no confusion among the jurors as to whether her testimony was to be subjected to close scrutiny.

9. **Criminal Law § 115— instruction on lesser included offense—consideration of greater offense first—no error**

In a prosecution for possession with intent to sell and sale of marijuana, there was no error in a charge directing the jury to deliberate first on the greater offense of possession with intent to sell and that they must consider the lesser included offense of possession of a controlled substance only after they decided that defendant was not guilty of the greater offense.

10. **Criminal Law §§ 7, 121— entrapment—burden of proof on defendant—instructions proper**

*Mullaney v. Wilbur*, 421 U.S. 684, does not require that the State carry the burden of proving that defendant was not entrapped in order to prove the requisite criminal intent.

11. **Conspiracy § 7— identity of conspirators—instructions proper**

In a prosecution for possession with intent to sell and sale of marijuana and conspiracy, the trial court's instructions clearly indicated that the conspiracy for which defendant was tried was between defendant and one Minshew, not between defendant and an undercover agent.

12. **Conspiracy § 3.1— undercover agent—circumstances under which conspiracy can exist**

There can be no conspiracy between a defendant and one who only feigns acquiescence in a crime; however, if an undercover agent acts in conjunction with more than one person to violate a law, his participation will not preclude a conviction of the others for a conspiracy among themselves.

APPEAL by defendant from *Browning, Special Judge.* Judgment entered 28 January 1977 in Superior Court, WAYNE County. Heard in the Court of Appeals 29 September 1977.

Defendant was indicted on two counts of sale and delivery of a controlled substance, two counts of possession of a controlled substance with intent to sell, and one count of conspiracy. He entered a plea of not guilty to each indictment. The jury returned a verdict of guilty as to each charge and from a judgment sentencing him to a term of five years on each charge, three terms to run concurrently and two terms to run consecutively to the previous three but concurrently with each other, defendant appealed.

The State introduced evidence, through the testimony of Judith Melvin, an undercover agent, tending to show: that on two occasions, 2 June and 3 June 1976, Judith Melvin met the defendant at a Kwik Pik for the purpose of purchasing marijuana from him; that at the Kwik Pik on 2 June, the defendant entered Melvin's car, received $40 from Melvin, and then told her to wait in the car as he left; that immediately thereafter Gary Minshew got into Melvin's car and gave her approximately two ounces of marijuana; that on 3 June Melvin called the defendant and requested that he sell her more marijuana; that defendant again told Melvin to go to the Kwik Pik, and a sale of one ounce of marijuana transpired in substantially the same manner as the first sale. Miss Melvin testified that the sale was arranged after she had called the defendant on two occasions asking him to sell her some marijuana; that on the first occasion he refused, stating that none was available, but on the second call he told her to call him back; and that when she called him back, the sale which transpired on 2 June was arranged. Gary Minshew testified for the State and substantially corroborated the testimony of Melvin.

The defendant attempted to establish entrapment and testified in his own behalf that he sold marijuana to Miss Melvin only because she was harassing him with phone calls at his mother's house; that his mother was critically ill and eventually died; that his mother asked him to have Miss Melvin cease the phone calls; that he requested Melvin not to call him, which Melvin agreed to do if he sold her some marijuana. Three defense witnesses testified that they had heard the defendant refuse Melvin's request to sell her drugs and that defendant had complained about the calls from Melvin asking for drugs. Other relevant facts are set forth below.

*Attorney General Edmisten, by Associate Attorney Henry H. Burgwyn, for the State.*

*Hulse and Hulse, by Herbert B. Hulse, for defendant appellant.*

MORRIS, Judge.

[1] The defendant presents 16 arguments to the Court preserving 20 of 22 assignments of error. The defendant's first argument (assignments of error Nos. 2 and 7) is directed to the trial court's exclusion of testimony offered by the defendant relevant to his defense of entrapment. Assuming, *arguendo*, that the offered testimony should have been admitted as relevant to the defense, there was no prejudice to the defendant, for the record discloses that substantially the same evidence was admitted at other times during the trial without objection. The exclusion of evidence is not prejudicial when substantially the same evidence is thereafter admitted or introduced. *State v. Creech*, 229 N.C. 662, 51 S.E. 2d 348 (1949); *State v. Elder*, 217 N.C. 111, 6 S.E. 2d 840 (1940).

[2] The defendant's second argument (assignment of error No. 3) is directed to the admission of evidence of the general character and reputation of State's witness Melvin. Defendant argues that "in view of the moral turpitude and illegality of much of Miss Melvin's conduct as brought out in her own testimony, the defendant respectfully contends that the allowance by the court of evidence as to her good character fortified her position before the jury and encouraged the jury to minimize, if not ignore, the unsavory aspects of her behavior". Melvin had been subjected to vigorous cross-examination in an effort to discredit her testimony in chief, and the efforts of defendant's counsel were not totally unavailing. After the impeachment of a witness, evidence is admissible to restore and strengthen the credibility of the witness. *Gibson v. Whitton*, 239 N.C. 11, 79 S.E. 2d 196 (1953). In *Lorbacher v. Talley*, 256 N.C. 258, 260, 123 S.E. 2d 477 (1961), Justice Bobbitt, later Chief Justice, quoted with approval from *Jones v. Jones*, 80 N.C. 246, 250, the following:

> "In whatever way the credit of the witness may be impaired, it may be restored or strengthened by this [proof of prior consistent statements] or any other proper evidence tending to insure confidence in his veracity and in the truthfulness of his testimony."

[3]   The defendant also objects, by his eleventh assignment of error, to the exclusion of certain testimony offered to impeach witness Melvin by proof of a prior inconsistent statement. Testimony was offered by defense witness Russell tending to show that Melvin, during the course of her undercover work, had stated she enjoyed smoking marijuana, supposedly in contradiction of her testimony that she had only simulated smoking marijuana during the course of her assignment. Whether Melvin enjoyed, or simulated smoking pot is a collateral issue to the question of the defendant's guilt. Defense counsel is bound by the witness's answer to cross-examination on collateral issues and may not contradict it by extrinsic evidence or other testimony. *State v. Poolos*, 241 N.C. 382, 85 S.E. 2d 342 (1955). *See* Stansbury, N.C. Evidence 2d, § 48, p. 138 (Brandis Rev. 1973). This assignment of error is overruled.

[4]   The defendant's third argument (assignment of error No. 5) is directed to the admission, over defendant's objection, of testimony by witness Minshew relating other criminal acts of the defendant. The record discloses, however, that the defendant elicited substantially the same evidence on cross-examination to clarify Minshew's testimony. The admission of the testimony over objection is harmless to the defendant when he elicits the same testimony on cross-examination for the purpose of amplifying the information given on direct examination. *State v. Landingham*, 283 N.C. 589, 197 S.E. 2d 539 (1973). This assignment of error is overruled.

By his sixth assignment of error defendant contends that the trial judge erred by not granting his motions for nonsuit. The defendant cites *State v. Stanley*, 288 N.C. 19, 215 S.E. 2d 589 (1975), evidently asserting entrapment was established as a matter of law. He also argues that he was guilty of possession only as the agent of the State's agent Melvin. We conclude the denial of the motion was not error.

[5]   Examining the evidence relating to entrapment in the light most favorable to the State, it is clear that the facts of this case are distinguishable from *Stanley* and do not compel a finding that defendant's actions in violation of the law were not his voluntary acts but acts he had no intention of committing absent the strong and clear importuning and coercion of the agent of the

State. Justice Branch, in *State v. Stanley, supra* at 32, wrote the following:

> "The rule governing the application of the offense of entrapment as a matter of law is clearly and concisely stated by the New Hampshire Supreme Court in *State v. Campbell,* [110 N.H. 238, 265 A. 2d 11]. We quote from that case:
>
>> 'Ordinarily, if the evidence presents an issue of entrapment it is a question of fact for the jury to determine. The court can find entrapment as a matter of law only where the undisputed testimony and required inferences compel a finding that the defendant was lured by the officers into an action he was not predisposed to take.' "
>
> (Citations omitted.)

The Court in *Stanley* found entrapment as a matter of law when a State agent ingratiated himself into the confidence of a 16-year-old boy and used the trust and confidence accompanying that friendship to coerce the young boy to acquire drugs and make a sale. In the case *sub judice* the State presented evidence tending to show: that the relationship between the defendant and Agent Melvin was very casual; that Melvin and the defendant had met only once before the sale was consummated; that the defendant agreed to acquire marijuana and sell it to Melvin after only two requests from Melvin, both of which were made over the telephone; and that the defendant refused the request for a sale made in the first phone call only because there was no marijuana available. The evidence presented by the State is ample to show that the defendant was predisposed to commit the crime and that Agent Melvin only presented him with an opportunity to act. The question of entrapment was, therefore, properly left for the jury. The contention that a nonsuit should have been granted because the evidence shows that the defendant was acting as the agent of Melvin is a novel contention attempting to apply the law of agency to criminal activity. It is, however, a contention without merit.

Defendant's assignments of error Nos. 9, 10, 12, 13 and 14 are directed to the scope of cross-examination allowed to the State. No authority is cited in support of these arguments, but the defendant objects to questions eliciting information regarding violations of probation by witness Parker and the defendant, and to questioning which the defendant contends was beyond the

proper bounds of cross-examination regarding previous offenses and collateral issues. The scope of cross-examination rests in the discretion of the trial judge and his rulings should not be disturbed except upon a showing of prejudicial error. *State v. Ross*, 275 N.C. 550, 169 S.E. 2d 875 (1969), *cert. den.* 397 U.S. 1050, 25 L.Ed. 2d 665, 90 S.Ct. 1387 (1970). Our review of the record discloses no abuse of discretion nor prejudicial error in the trial judge's control of the cross-examination. He was in a position to observe the demeanor of the witnesses, he knew the background of the case and was in a favorable position to control the scope of the questioning. *State v. Ross*, supra.

[6] A witness may be cross-examined on matters that tend to show interest or bias, or impeach his credibility. *State v. Warren*, 4 N.C. App. 441, 166 S.E. 2d 858 (1969). A witness's credibility may be impeached by proof of bad character, and on cross-examination, a witness may be asked questions concerning prior specific acts of misconduct which tend to show bad character. *State v. Gainey*, 280 N.C. 366, 185 S.E. 2d 874 (1972). It was within the trial judge's discretion to allow cross-examination regarding violations of the terms of probation and the defendant's failure to disclose criminal activity. Both of these matters tend to cast light on the character of the witnesses. These assignments of error are overruled.

[7, 8] By assignments of error Nos. 15, 16, 17, 18 and 19, the defendant preserves exceptions to the trial judge's charge to the jury. The defendant first contends that the court improperly charged the jury on the law with respect to the scrutiny of the testimony of an undercover agent.

> "The general rule is that the jury should be directed to scrutinize the evidence of a paid detective and make proper allowances for the bias likely to exist in one having such an interest in the outcome of the prosecution and in reference to any other relevant facts calculated to influence the testimony of the witness; but where this is done, *the exact terms in which the rule may be expressed are left, by our decisions, very largely in the discretion of the trial judge.*" (Emphasis added.) *State v. Boynton*, 155 N.C. 456, 464, 71 S.E. 341 (1911).

The trial judge in his charge to the jury stated:

"Also you may find from the evidence that the State's witness, Judith Lynn Melvin, is interested in the outcome of this case because of her activities as an undercover agent. If so you should examine her testimony with care and caution in light of that interest. If after doing so you believe her testimony in whole or in part you should treat what you believe the same as you would any other believable evidence in this case."

An instruction that the jury should scrutinize the testimony of an undercover agent in the light of the witness's interest or bias, but that if the jury should conclude that he is telling the truth his testimony is to be given the same value as any other believable evidence is without error. *State v. Hunt*, 246 N.C. 454, 98 S.E. 2d 337 (1957). There is no required formula for an instruction to the jury and a charge is adequate so long as it accurately presents the applicable principles of law. *State v. Alexander*, 279 N.C. 527, 184 S.E. 2d 274 (1971). The charge relating to witness Melvin was sufficient and there was no error. The defendant contends that the phrase "You may find from the evidence that the State's witness, Judith Lynn Melvin, is interested in the outcome of this case because of her activities as an undercover agent", contained in the charge allowed the jury to consider whether Miss Melvin was in fact an agent before it was required to scrutinize her testimony. We conclude, however, that this resulted in no prejudice to the defendant. The role of witness Melvin as an undercover agent was unchallenged at trial and there could be no confusion among the jurors as to whether her testimony was to be subjected to close scrutiny. This assignment of error is overruled.

[9] The defendant's second objection to the charge is directed to the court's instruction on the law with respect to the offenses of possession with intent to sell and deliver. The defendant contends that the lesser included offense of possession of a controlled substance should have been submitted in such a way that the jury might consider the lesser included offense at the same time as the greater offense. We disagree. In *State v. Wall*, 9 N.C. App. 22, 175 S.E. 2d 310 (1970), we considered this issue and concluded there was no error in a charge directing the jury to first deliberate on the greater offense and that they must consider the lesser included offense only after they decided the defendant was

not guilty of the greater offense. This assignment of error is over-ruled.

[10]  The defendant's third objection to the charge to the jury is directed to the trial judge's instruction on the defense of entrap-ment. He argues that *Mullaney v. Wilbur*, 421 U.S. 684, 44 L.Ed. 2d 508, 95 S.Ct. 1881 (1975), requires that the State carry the burden of proving that the defendant was not entrapped in order to prove the requisite criminal intent. In *State v. Braun*, 31 N.C. App. 101, 228 S.E. 2d 466 (1976), *cert. den.* 291 N.C. 449 (1976); however, we held that *Mullaney* did not apply to the affirmative defense of entrapment. This contention is overruled. The defend-ant also contends that the trial judge did not fully present to the jury the defendant's evidence tending to prove entrapment. The charge must be construed as a whole, in the manner in which it was given. *State v. Alexander, supra.* The record reveals that in his summary to the jury the trial judge included the defendant's evidence of harassment and coercion of the defendant by Agent Melvin. The judge's summary of the defendant's evidence, when considered with his instruction on entrapment, which he repeated on every charge of the five counts, fully presented the defense of entrapment arising from the defendant's evidence in this case.

[11, 12]  The defendant further contends that the trial court erred in his instruction to the jury on the law of conspiracy. We disagree. The defendant argues that the jury might conclude that there could be a criminal conspiracy between the defendant and Agent Melvin. This would be in contradiction of the rule that there can be no conspiracy between a defendant and one who only feigns acquiescence in a crime. *State v. Horton*, 275 N.C. 651, 170 S.E. 2d 466 (1969); *cert. den.* 398 U.S. 959, 26 L.Ed. 2d 545, 90 S.Ct. 2175 (1970). If an undercover agent acts in conjunction with more than one person to violate a law, however, his participation will not preclude a conviction of the others for a conspiracy among themselves. *State v. Walker*, 251 N.C. 465, 112 S.E. 2d 61 (1960); *cert. den.* 364 U.S. 832, 5 L.Ed. 2d 58, 81 S.Ct. 45 (1960). The instruction in the instant case clearly indicates that the con-spiracy for which the defendant was tried was between the de-fendant and Gary Minshew, not Agent Melvin. This assignment of error is overruled.

The defendant next urges that the trial court erred in deny-ing defendant's request to charge the jury that if he was acting as

the agent of Miss Melvin he would not be guilty of selling or possession with intent to sell. No authority is presented to support this position, nor was the request for this special instruction presented in writing in apt time in accordance with the requirements of G.S. 1A-1, Rule 51(b). However, had the request been in compliance with the rule, the court would not have committed reversible error in denying it.

By his last assignments of error the defendant contends that the court erred in denying his motion to set aside the verdict and grant a new trial and in the entry of judgment. Defendant's motions to set aside the verdict and to grant a new trial are addressed to the discretion of the trial court and refusal to grant them is not reviewable in the absence of an abuse of discretion. *State v. Lindley*, 286 N.C. 255, 210 S.E. 2d 207 (1974). Having concluded there was no error in the trial of the defendant, there was no abuse of discretion and this assignment of error is without merit.

The defendant also objects to the entry of judgment which presents the face of the record for review. *State v. Kirby*, 276 N.C. 123, 171 S.E. 2d 416 (1969). No error is apparent on the face of the record and this assignment of error is overruled.

No error.

Judges VAUGHN and CLARK concur.