Thornburg v. Lancaster

———

SHARRON Y. THORNBURG v. ROBERT ALEXANDER LANCASTER AND MARTHA MITCHELL LANCASTER

No. 7918SC893

(Filed 3 June 1980)

1. **Torts § 7.7– settlement as partial or complete – issue of fact – reimbursement order improper**

    In an action to recover for injuries sustained by plaintiff in an automobile accident where defendants claimed a complete settlement with their insurer, the trial court's order requiring plaintiff to return the money paid to her by defendants' insurer was invalid where there was an issue of fact as to whether the payment to plaintiff was converted to an advance or partial payment. G.S. 1-540.3.

2. **Rules of Civil Procedure § 41– failure to comply with erroneous order of trial court – order of dismissal vacated**

    The trial court's Rule 41(b) dismissal of plaintiff's action for failure to comply with the trial court's invalid order of reimbursement is vacated and

Thornburg v. Lancaster

the case is remanded for a determination as to whether plaintiff's failure to comply with the erroneous reimbursement order calls for dismissal with prejudice.

Judge CLARK dissenting.

APPEAL by plaintiff from *Collier, Judge.* Order entered 7 June 1979 in Superior Court, GUILFORD County. Heard in the Court of Appeals 21 March 1980.

Plaintiff seeks to recover for personal injuries she sustained in a collision between her automobile and a car driven by the male defendant and owned by the female defendant. Defendants by their answer alleged that plaintiff is barred from bringing this action, because she has entered into a settlement agreement with defendants' insurance carrier and has been paid $3,394.50 in full settlement of her claim.

Defendants moved for dismissal or for summary judgment. At the hearing on the motions, Shirley Bennett, a claim representative for defendant's insurer, testified that she handled plaintiff's claim and that plaintiff furnished her with medical reports and bills — a $321 bill from Dr. Faga and $73.50 in other medical bills. Plaintiff and Bennett agreed to settle for $3,000 over the medical bills, and on 23 June 1977, Bennett mailed a draft and releases to plaintiff. On 26 July 1977, plaintiff called Bennett and said she had had further medical bills and had been in the hospital for surgery from the accident. Bennett told her that if she was not satisfied with the settlement, "to send everything back." Plaintiff returned the releases with her additional medical bills on 15 August 1977 and, by telephone, informed Bennett that she had deposited the draft in her bank account.

Plaintiff testified that she called Bennett "around the first week in July" to tell her that there would be additional medical expenses and that Bennett told her to go ahead and cash the draft and send the releases back with the additional bills, which she did. Plaintiff's husband testified that he also spoke to Bennett and that she told him to keep the draft and send the releases back unsigned.

On 4 April 1979, the court denied defendants' motions and ordered plaintiff to "reimburse the defendant" the $3,073.50 paid to her and the $320 paid to her doctor by defendants' insurer. On 3 May 1979, defendants moved to have plaintiff's action dismissed with prejudice for her failure to comply with the reimbursement order. Plaintiff filed an affidavit attesting that she does not have and has been unable to borrow sufficient funds to comply with the order. On 7 June 1979, the court entered an order dismissing plaintiff's action unless within ten days she complied with the reimbursement order. Plaintiff did not comply, her action was dismissed, and she appeals. Defendants make cross-assignments of error.

*Gerald S. Schafer, for plaintiff appellant.*

*Tuggle, Duggins, Meschan, Thornton & Elrod, by Richard L. Vanore, for defendant appellees.*

ERWIN, Judge.

[1] In connection with its denial of defendant's motions for dismissal under G.S. 1A-1, Rule 12, of the Rules of Civil Procedure and for summary judgment, the trial court ordered plaintiff to return the money paid to her by defendants' insurer. Plaintiff contends that G.S. 1-540.3 makes this order improper.

G.S. 1-540.3(a) provides that in bodily injury claims, advance or partial payments may be made and that the receipt of such advance or partial payment shall not act as a bar to an action on the claim unless there is executed an agreement to show that the payment was accepted in full settlement. G.S. 1-540.3(b) provides that no claim for reimbursement of such an advance or partial payment shall be allowed except in the case of fraud. Since fraud was never alleged in this case, the reimbursement order is improper if the payment to plaintiff from defendants' insurer was an advance or partial payment.

All the evidence presented at the hearing on defendants' motions was to the effect that at the time payment was made to

plaintiff, the parties had agreed that the payment would be a full settlement of plaintiff's claim. The evidence is conflicting, however, as to what occurred when plaintiff contacted the insurer about her newly discovered injury and additional medical bills. The insurer's claim adjuster testified that she told plaintiff to return the draft and releases. Plaintiff and her husband both testified, on the other hand, that each of them was told by the adjuster to keep the draft and send back the unsigned releases. Thus, an issue of fact arises as to whether the payment was converted to an advance or partial payment. Because the court does not find facts on either a motion for summary judgment or a motion for a Rule 12 dismissal, the trial court here properly could not have made the factual determination which was necessary prior to the entry of a reimbursement order. Accordingly, the reimbursement order entered is invalid.

[2] The question then remains whether a Rule 41(b) dismissal for failure to comply with a court order can be upheld where the original order has been found to be invalid. We have found no North Carolina case on point nor have we found a federal case which has addressed this question in applying Federal Rule 41(b). While it is certainly true that one cannot take it upon himself to ignore an erroneous order or judgment, *State v. Goff*, 264 N.C. 563, 142 S.E. 2d (1965), in light of the fact that a dismissal with prejudice under Rule 41(b) is an extreme sanction, we find it appropriate in this case to vacate the trial court's ruling on defendants' Rule 41(b) motion and remand for a new ruling. Whether the plaintiff's failure to comply with the erroneous reimbursement order calls for a dismissal with prejudice can then be determined in the trial court's discretion.

Defendants' cross-assignments of error — that the trial court erred in denying its motions to dismiss and for summary judgment — are without merit. As set out above, a genuine issue of material fact does exist. The trier of fact must determine whether the payment to plaintiff constituted a full settlement of her claim or was an advance or partial payment. There are also the issues of fact relating to negligence which are raised by plaintiff's complaint. Denial of the motion to dismiss was proper, as the complaint does state a claim upon which relief can be granted.

Cox v. Real Estate Licensing Board

The order of the trial court was erroneous and is

Reversed.

Judge MARTIN (Robert M.) concurs.

Judge CLARK dissents.

Judge CLARK dissenting:

In the hearing plaintiff admitted that after a settlement agreement on 23 June 1977 the claims agent for defendants' insurer mailed to plaintiff a transmittal letter with a "Full and Final Release of All Claims" and a draft in the amount agreed. The draft was endorsed by plaintiff, deposited in her checking account, and cleared on 30 June 1977. Plaintiff failed to sign the release and return it to the agent and thereby breached the settlement agreement.

The draft was not an advance or a partial payment, and in my opinion G.S. 1-540.3 does not apply. Under these circumstances the trial court had the authority to order that the plaintiff make a reimbursement even though the court recognized that a material issue of fact was raised as to whether subsequently plaintiff was told by the agent that she could retain the money. I vote to affirm the dismissal.