*State v. Vaughan*

Affirmed.

Judges ARNOLD and HILL concur.

STATE OF NORTH CAROLINA v. GARY T. VAUGHAN

No. 8218SC185

(Filed 2 November 1982)

**1. Homicide § 28.3— self-defense—instruction on use of excessive force**

The trial court in a homicide case did not err in instructing on the fourth element of the perfect right of self-defense that defendant must not have used "excessive force; that is, more force than reasonably appeared to be necessary to the defendant at the time" without the additional phrase "to protect himself from death or great bodily harm."

**2. Homicide § 28.3— instructions on imperfect right of self-defense**

The trial court's instruction that "if the State proves beyond a reasonable doubt that the defendant, although otherwise acting in self-defense, used excessive force or was the aggressor, though he had no murderous intent when he entered the fight, the defendant would be guilty of voluntary manslaughter" was a sufficient instruction on the imperfect right of self-defense.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 23 July 1981 in Superior Court, GUILFORD County. Heard in the Court of Appeals 21 September 1982.

Defendant was indicted for the murder of Paul Autry. He pleaded not guilty and was tried for second degree murder.

State's evidence tended to show that on the afternoon of 12 July 1980 the defendant got into an argument with someone at the Hilltop Lounge. Danny Smith, a member of the Rebel Rousers Motorcycle Club, interceded and told defendant "if he had anything to say to say it to me." The argument ended. The defendant got a shotgun out of his car trunk, laid it on the back seat, and drove away. That night Danny Smith, Paul Autry, and two other members of the motorcycle club went to another bar, the Pinwheel Lounge in Greensboro, North Carolina. The defendant arrived, and an argument began between defendant and Danny Smith. Autry, the sergeant-at-arms of the Rebel Rousers,

approached the two men and asked what was going on. He told defendant to "take it outside." The defendant pulled a gun and started shooting. Smith and several others wrestled defendant to the floor and disarmed him. Autry was shot, and he subsequently died from gunshot wounds to his chest.

The defendant's evidence tended to show that following the argument at the Hilltop Lounge, Danny Smith stated that he and the others were going to the Pinwheel Lounge to settle things with the defendant once and for all. Smith, Autry and the other club members were armed with guns and knives. Witnesses testified that they saw Autry reach behind his back just before the shooting as if he were reaching for a gun. A gun was subsequently found on the floor near Autry's body. Defendant also presented evidence that Autry had a reputation for violence.

Defendant was convicted of second degree murder and was sentenced. Defendant appeals the judgment entered against him.

*Attorney General Edmisten, by Assistant Attorney General Alfred N. Salley, for the State.*

*Public Defender Wallace C. Harrelson, by Assistant Public Defender Hugh Davis North, for defendant-appellant.*

HILL, Judge.

Defendant presents two arguments on appeal. Both concern the trial court's charge on the law of self-defense. Defendant relies upon *State v. Norris*, 303 N.C. 526, 279 S.E. 2d 570 (1981), in which Justice Huskins gave the following statement of the law in this area:

The law of perfect self-defense excuses a killing altogether if, at the time of the killing, these four elements existed:

(1) it appeared to defendant and he believed it to be necessary to kill the deceased in order to save himself from death or great bodily harm; and

(2) defendant's belief was reasonable in that the circumstances as they appeared to him at the time were sufficient to create such a belief in the mind of a person of ordinary firmness; and

(3) defendant was not the aggressor in bringing on the affray, i.e., he did not aggressively and willingly enter into the fight without legal excuse or provocation; and

(4) defendant did not use excessive force, i.e., did not use more force than was necessary or reasonably appeared to him to be necessary under the circumstances to protect himself from death or great bodily harm.

(Citations omitted.) The existence of these four elements gives the defendant a *perfect right of self-defense* and requires a verdict of not guilty, not only as to the charge of murder in the first degree but as to all lesser included offenses as well.

On the other hand, if defendant believed it was necessary to kill the deceased in order to save herself from death or great bodily harm, and if defendant's belief was reasonable in that the circumstances as they appeared to her at the time were sufficient to create such a belief in the mind of a person of ordinary firmness, but defendant, although without murderous intent, was the aggressor in bringing on the difficulty, or defendant used excessive force, the defendant under those circumstances has only the *imperfect right of self-defense*, having lost the benefit of perfect self-defense, and is guilty at least of voluntary manslaughter. (Citations omitted.)

303 N.C. at 530, 279 S.E. 2d at 572-73.

[1] Defendant's first argument relates to the charge on perfect self-defense. The trial court instructed on the four elements set forth in *Norris*. As to the fourth element, the court stated, "The fourth thing that applies to self-defense is that the defendant did not use excessive force; that is, more force than reasonably appeared to be necessary to the defendant at the time." Defendant argues that the judge should have defined excessive force as "more force than was necessary or reasonably appeared to him to be necessary under the circumstances *to protect himself from death or great bodily harm*." Specifically, defendant contends that by omitting the phrase in italics the judge reduced the State's burden of proof and deprived him of the full benefit of the law.

We cannot agree. There is no required formula for an instruction to the jury. *State v. Wilkins,* 34 N.C. App. 392, 399, 238 S.E. 2d 659, 664, *disc. rev. denied,* 294 N.C. 187, 241 S.E. 2d 516 (1977). The trial court is not required to adopt the very words used by an appellate opinion in setting forth the law on a particular subject. The charge is to be construed as a whole; and "[i]f, when so construed, it is sufficiently clear that no reasonable cause exists to believe that the jury was misled or misinformed, any exception to it will not be sustained even though the instruction could have been more aptly worded." *State v. Williams,* 299 N.C. 652, 660, 263 S.E. 2d 774, 779-80 (1980). In the present case, we find no error in the instruction on the fourth element of perfect self-defense. The importance of the fourth element is that the force used not be excessive, and we believe that the trial court's instruction adequately conveyed this meaning. The instruction is substantially as set forth in *Norris,* and we overrule this assignment of error.

[2] By his second argument, the defendant contends that the trial court failed to follow the guidelines of *Norris* in the charge on imperfect self-defense. Defendant particularly objects to the court's definition of voluntary manslaughter and argues that the judge should have instructed in the language of *Norris.* We have examined the instruction given by the court and find no error. The court herein instructed, "[I]f the State proves beyond a reasonable doubt that the defendant, although otherwise acting in self-defense, used excessive force or was the aggressor, though he had no murderous intent when he entered the fight, the defendant would be guilty of voluntary manslaughter." Our Supreme Court recently found this very language to be adequate in a case in which the defendant appellant relied on *Norris. State v. Cooke,* 306 N.C. 117, 291 S.E. 2d 649 (1982). In light of *Cooke,* we overrule this argument.

In the defendant's trial we find

No error.

Judges HEDRICK and ARNOLD concur.